## KINGMAN & CO. v. DANIEL PIXLEY.

### (Filed July 30, 1898.)

1. DEMURRER TO PETITION.—*Amendment—Error Waived.* When a demurrer is sustained to a petition, and plaintiff, after obtaining leave of court, files an amended petition, and issues are joined thereon and a trial had, the plaintiff, by filing his amended pleading, waives any error committed by the trial court in sustaining such demurrer.

2. CONTINUANCE—*Motion for—Must be Part of Record on Appeal.* Motions, affidavits for continuance, and evidence introduced upon the trial of a cause, cannot be considered on appeal by the supreme court, unless made a part of the record by a bill of exceptions or by a case-made.

   (Syllabus by the Court.)

*Error from the Probate Court of Pawnee County; before Edward L. Lemert, Probate Judge.*

*James P. Neal,* for plaintiff in error.

*Eagleton & Morphis,* for defendant in error.

Action by Kingman & Co. against Daniel Pixley. Judgment for defendant, and plaintiff brings error. Affirmed. Opinion of the court by

BURWELL, J.: The plaintiffs in error, Kingman & Co., on the ——— day of November, 1894, commenced an action against the defendant, Daniel Pixley, in the probate court of Pawnee county, on a foreign judgment for $769.15. Issues were joined, and a trial had, which resulted in a judgment for the defendant. Plaintiffs appeal by transcript to this court, praying a reversal of the judgment below, and assign error as follows:

First, that the court erred in sustaining defendant's demurrer to plaintiffs' original petition. The record dis-

closes that when defendant's demurrer to plaintiffs' origi-
nal petition was sustained the plaintiffs obtained leave to
amend, and filed an amended petition, which embraced all
of the matters and things alleged in the original petition.
Issues were joined by the defendant, and a trial had;
and, even if the trial court committed error in sustaining
defendant's demurrer to plaintiffs' original pleading, the
plaintiffs waived such error when they filed their amend-
ed petition. (*Young v. Martin*, 8 Wall. 354; *Rosa v. Rail-
way Co.*, 18 Kan. 124.)

Appellants allege, second, that the court erred in over-
ruling the motion of plaintiffs in error to require defen-
dant to make his answer more definite and certain; third,
in overruling the motion of the plaintiffs in error to re-
quire defendant to elect which of his several inconsistent
defenses he relied upon; and, fourth, in overruling the
motion and application of plaintiffs in error for a continu-
ance.

This record comes to us on a transcript. Therefore the
last three citations of error cannot be considered.
The errors, if any were committed, should have been
saved by a bill of exceptions, or presented by a case-
made. Neither of the motions nor the application for a
continuance are a part of the record. They constitute no
part of the judgment roll, as held by this court in the case
of *Fisher v. U. S.*, 1 Okla. 252, 31 Pac. 195, and cannot be
considered simply because the clerk has copied them in
the transcript.

The fifth and sixth citations of error are that the court
erred in sustaining the demurrer of the defendant to the
evidence of the plaintiffs in error, and in rendering judg-
ment for the defendant in error. Plaintiffs in error have

not given us a record of the trial of this cause in such a condition that we can legally decide these two points. They have attempted to bring up the evidence in a transcript certified by the probate judge, acting *ex officio* as clerk of that court. This cannot be done. The evidence on a trial can only be reviewed by this court when incorporated in a bill of exceptions or a case-made. (See *Mining Co. v. Hallan*, [Colo. Sup.] 44 Pac. 509; *Oltmanns v. Findlay*, [Neb.] 66 N. W. 425; *Harris v. Transfer Co.* [Colo. App.] 48 Pac. 900; *McCumber v. Haynes*, [Colo. App.] 48 Pac. 903.)

For the reasons herein stated the judgment of the trial court is affirmed at costs of appellants. The clerk will issue a mandate to the lower court in conformity herewith.

All of the Justices concurring.