## WILLIAM MORRILL v. CHARLES C. CASPER *et al.*

(Filed September 10, 1903.)

ERROR—Waived, When. Where a demurrer to a petition is sustained by the court, and the plaintiff thereupon applies for and gets leave to file an amended petition, he thereby waives the error, if any has been committed, in the ruling, order and judgment of the court sustaining the demurrer. (Berry et al v. Barton et al, this Court, 71 Pac. 1074, cited and followed.)

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, Trial Judge.*

*Baldwin & Marsh,* for plaintiff in error.

*Pitman & Hood,* for defendants in error.

### STATEMENT OF FACTS.

An action by William Morrill, plaintiff in error, against Charles C. Casper, John Markle, Cora C. Bonebrake, Alex. Dunn and the unknown heirs of William Robison, deceased, in the district court of Pottawatomie county, to cancel deeds, remove cloud on title, and to decree title in plaintiff.

Opinion of the court by

BEAUCHAMP, J.: The plaintiff in error commenced this action by filing in the district court of Pottawatomie county his petition, praying that certain deeds to defendants in error, and whatever interest, title or claim they may have in and to the northeast quarter of section 32, township 8, north of range 5 east, I. M., in the county of Pottawatomie, be cancelled, and for a decree removing the cloud from title of plaintiff, and decreeing the legal and equitable title to the said land to be in plaintiff, to which petition the defendants demurred, for the reason, first, there is defect of parties defendant, and second, because the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, which demurrer, after hearing, was by the court sustained, on the 6th day of September, 1902. Upon application the plaintiff was given ten days in which to file an amended petition. Afterwards, on the 18th day of September, on application the plaintiff was given twenty-four hours in which to file an amended petition. On the 19th day of September, on application, the time allowed plaintiff in which to file an amended petition was extended until September 22; on September 23, the plaintiff not having filed his amended petition within the time allowed by the court, the action was dismissed with costs to the plaintiff, and exceptions saved, from which order sustaining the demurrer and the judgment thereon, plaintiff in error brings the case here by petition in error for review.

The defendants in error contend that if any error was committed by the trial court in sustaining the demurrer to the petition, that the plaintiff in error waived the same by

taking leave to amend his petition, and directs our attention to the case of *Berry et al. v. Barton et al.,* unpublished opinion, this court, 71 Pacific 1074, in which case a demurrer was sustained to the second count in defendant's answer and the defendants took time in which to file an amended answer, but did not file same, and it was contended that the court erred in sustaining the demurrer against the second defense. We quote from the opinion by Burwell, Justice:

"It is not necessary to decide in this case as to whether the second count in the answer stated a defense, for the reason that when the demurrer was sustained the defendants were granted leave to amend, and by taking leave to amend they waived the error, if any, in the sustaining of the demurrer. In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading held to be defective, and not amend. While there are cases the other way, the great weight of authority supports this doctrine," and cites numerous authorities, after which the opinion proceeds:

"But it is argued that in this case the defendants did not plead over, and therefore they are in a position to urge as error the sustaining of the demurrer. This position cannot be sustained. It is true that nearly all of the cases state that by pleading over after a demurrer has been sustained, a party waives the error, if any has been committed by the court in such ruling. The rule not only applies where the party actually pleads over, but also where he takes leave to plead over after a demurrer has been sustained to his pleadings. It is the intention of the party, as indicated by his acts at the time, which fixes his standing in court. By taking leave to amend, he thereby indicates his intention to abandon his former position, and to draft his pleadings upon a different theory, or to state his cause of action in different language. By taking leave to amend, he admits the insufficiency of the

22—Vol 13

pleading, and he is bound by his own conduct, and cannot afterwards take advantage of it. Any other rule would permit delays under the guise of a desire to submit to the ruling of the court and amend, when in fact the party had no intention of amending. Courts everywhere insist upon such rules of practice and conduct of parties litigant as will promote justice, and such as will not encourage or countenance deception. The attorney is supposed to know the law of his case, equally as well as the court, and inasmuch as the statute, with the permission of the court, allows a party, at his own election, to amend or stand on his pleading, it is only fair that he should make his election, and then be bound by it; and, if he elects to amend, he cannot afterwards, simply because his own views of the law may have changed, or further investigation convinced him that his former position was correct, urge error in a ruling which he had accepted as the law. When he elects to amend he abandons, not necessarily his view of the law as urged against the demurrer, but that particular pleading, and it is just the same as though it never had been filed; and a party who expressly abandons a pleading cannot at his own election, without permission of the court, urge it as an existing pleading in the case."

Upon the authority of the foregoing case and from the facts of the numerous applications of the plaintiff for leave to amend, and the orders of the court granting the same, the error, if any, committed by the trial court in sustaining the demurrer was waived, and the only error complained of in this case is the ruling of the court upon the demurrer, and such errors, if any, being waived, there is nothing further before this court for consideration.

The judgment of the district court is affirmed with costs to the plaintiff in error.

Burwell, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.