J. S. CARLE AND ELLA CARLE, v. OKLAHOMA WOOLEN MILLS, *a corporation,* JOHN THREADGILL, C. F. COLCORD, C. M. MEAD, C. B. AMES, F. B. ZEIGLER, A. H. CLASSEN AND G. B. STONE

(Filed February 15, 1906.)

ERROR—Waived, When—Amendment of Pleadings. Plaintiffs deeded to the defendant a tract of land in consideration of one dollar and the performance of the conditions stated in a bond of $4000 given to secure the performance of such conditions. Action was brought to recover the amount stipulated in such bond. Upon trial of the cause the court held that the plaintiff's right of re-

covery was not fixed by the amount named in the bond, but that their measure of damages was the value of the land conveyed, not to exceed the amount named in the bond. Plaintiffs thereupon amended their petition so as to state a cause within the holding of the court, and proceeded to final judgment: Held, that the plaintiffs by such amendment and proceeding to trial thereunder waived any error of the court in its holding as to the measure of damages.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, Trial Judge.*

*Hays, Thorp & Thorp,* for plaintiffs in error.

*Flynn & Ames,* for defendants in error.

Opinion of the court by

GILLETTE, J.: It appears from the record in this case that on the 3rd day of April, 1902, the plaintiffs conveyed to defendants twenty acres of land, the same being a part of a tract of 156 acres owned by the plaintiffs, lying immediately west of the city of Oklahoma City, for the nominal consideration of one dollar, for the purposes of erecting thereon a woolen mill, and thereby enhancing the value of other property owned by the plaintiffs adjacent thereto. The defendant at the time executed and delivered to the plaintiff a bond, which is made the basis of this action, the material parts of which are the following words:

"Know all men by these presents: That whereas, J. S. Carle and Ella Carle, of Oklahoma county, Oklahoma Territory, have conveyed to the Oklahoma Woolen Mills the following described real estate situate in Oklahoma county, Oklahoma Territory, to wit:"

(Then follows a description by metes and bounds of the premises.)

"For the nominal consideration of one dollar, for the purpose of erecting thereon a woolen mill and thereby enhancing the value of other property owned by the said J. S. Carle and Ella Carle adjacent thereto.

"Now this obligation witnesseth, that the said Oklahoma Woolen Mills as principal and John Threadgill, C. F. Colcord, C. M. Meade, C. B. Ames, F. B. Zeigler and A. Classen, all of Oklahoma county, Oklahoma Territory as sureties, are held and firmly bound unto the said J. S. Carle and Ella Carle of the same county and Territory in the sum of four thousand dollars ($4,000.00) to be paid to the said J. S. Carle and Ella Carle, their heirs, executors, administrators or assigns, within one year from the date thereof, for which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators jointly and severally by these presents.   Sealed with our seal and dated this third day of April, A. D. 1902.

"Provided always that this obligation is upon the express consideration that if the above bounden, the Oklahoma Woolen Mills, a corporation or its assigns or the said sureties or any or either of them and their heirs, executors or administrators shall cause to be erected upon the above described land a brick building not less than sixty (60) by two hundred (200) feet in size, to be used as a woolen mill and fully complete the same and furnish the same with suitable machinery for the operation of a woolen mill and so operate the same for a period of one year, and shall construct and maintain and operate an electric street car line along said Main street in the city of Oklahoma City, from Walker street to the west line of Orchard Park addition to the city of Oklahoma City, in the county of Oklahoma, Territory of Oklahoma, within the time above specified, and shall complete said building for the woolen mill within three months from the date thereof, then the above obligation to be void, otherwise to remain in full force and effect.

"Witness our hands and sea.s this the third day of April, A. D. 1902.

> "OKLAHOMA WOOLEN MILL,
> "JOHN THREADGILL, Pres.
> "JOHN THREADGILL,
> "By C. F. COLCORD.
> "C. M. MEAD.
> "G. B. STONE,
> "ANTON H. CLASSEN,
> "C. B. AMES,
> "F. B. ZEIGLER."

The petition of plaintiffs sets forth the execution and delivery of said bond, and alleges that the land was conveyed pursuant to the stipulations therein contained, for the purpose of enhancing the value of the remainder of said land owned by them, for townsite purposes, and that said bond was executed and delivered to the plaintiffs to secure the faithful performance of the matters and things stipulated in said bond to be performed, and that by the execution thereof the defendants promised and agreed to pay to the plaintiffs the sum of $4,000.00, the agreed value of the land conveyed, in the event that the defendants failed and neglected to erect a woolen mill on said land according to the terms and conditions of said bond, and within the time specified therein, and furnish the same with suitable machinery and operate the same; or failed or neglected to construct and have in operation a street car line as stipulated for in said bond within one year from the third day of April, 1902. The petition of the plaintiff thereafter alleges a failure on the part of the defendants to erect a woolen mill and furnish it with suitable machinery, and a failure to construct and operate the street railway contemplated and provided for, and concludes with the following prayer for relief:

"Wherefore these plaintiffs pray judgment against defendants for the sum of $4,000.00, with interest thereon from April 3, 1902."

The answer of defendants admits the execution of the obligation sued on, the plaintiff's ownership of the land described, and the conveyance of the same to the defendant, Oklahoma Woolen Mill Company, and denies all the other allegations of the petition.

Upon the issues thus framed the case came on for trial in the court below, and the plaintiff first introduced in evidence the bond sued on, and thereafter the plaintiff, J. S. Carle, was called as a witness in his own behalf and was asked this question:

"Did you have any agreement with this company as to the value of the land at the time you transferred it to them?"

Which question was objected to as incompetent, irrelevant and immaterial, and on the further ground the contract between the parties was in writing, and is the best evidence as to what the agreement was; which objection was by the court sustained. Another question of the same import was propounded to the witness, and an objection to it was also sustained.

The witness was then permitted to testify that this transaction was brought about between himself and Mr. Colcord, and that the defendant put up a building 60 by 200 feet, which was not completed within the specified time.

Thereupon the defendant entered of record the following admission:

"The defendant admits that he did not construct the street car line as provided in the terms of the bond, and that it has never completed or operated the woolen mill, and that

the machinery has never been put in place so that it could be operated. The defendant also admits that while a great deal of machinery has been placed in the building, it has not been so placed that it could be operated in the building."

Thereupon Mr. Hays of counsel for the plaintiff stated to the court:

"Now I would like to have a statement of the court as to the rule."

"The court. I think your measure of damages is the value of the property at the time you conveyed it to the company."

"Mr. Hayes. To which the plaintiff excepts."

"The court refuses to allow any evidence.

"By the court. You decline to introduce any evidence upon that theory?"

"Mr. Hays. I say you refuse to allow us to introduce."

"The court. I refuse to allow any evidence to be introduced tending to vary the terms of the bond itself. I will say to you further, Mr. Hays, that in my judgment your petition could be amended."

"Mr. Hays. I will amend that to correspond with the proof. I suppose I can do that."

The plaintiff after some further colloquy amended the petition by interlineation as follows:

"The said plaintiff further says that the lands conveyed by the plaintiff to the Oklahoma Woolen Mills was of the value of $4000.00, and that said defendant still retains the title thereto, and that this plaintiff has been damaged by reason of the breach of said obligation in the sum of four thousand dollars and interest thereon since said breach of said contract, at the rate of seven per cent. per annum."

Thereby changing the cause of action from an action on contract to recover liquidated to one for the recovery of un-

liquidated damages. And thereafter the trial proceeded, tne sole question to which the evidence was addressed being as to the value of the twenty acres conveyed to the woolen mill company; at the conclusion of which, and after the court had instructed the jury, the jury returned a verdict in favor of the plaintiff in the sum of $2350.

The plaintiff brings the case to this court and seeks under the conditions of the record above stated to reverse the final verdict and judgment because of the ruling of the court holding the value of the land conveyed at the time it was conveyed to be the correct measure of damages.

We think the plaintiff proceeded too far with his cause to be entitled to raise that question now; for it will be observed that after the amendment of the plaintiff's petition no evidence was admissable except as to the value of the land conveyed at the time it was conveyed.

It is true that the plaintiff excepted to the rule laid down by the court as to the measure of damages, but if he desired to stand upon that objection he should have brought the case to this court upon the record as it then stood. The amendment of the petition so as to state a case in conformity with the rule of the court, was a waiver of the plaintiff's theory of the case as theretofore stated in the petition. He could not waive such theory and at the same time stand upon it; and afterwards failing to sceure a judgment for the amount desired, bring the cause to this court upon the proposition that he ought not to have waived it, or as stated by counsel "ought not to have been compelled to waive it." He was not *compelled* to waive it. On the contrary, under the rules of this court, if he desired to stand for his rights upon the theory

originally presented in the petition, he should not have waived his cause as there stated, and by an amendment tried an entirely different case.

In *Campbell v. Haverhill,* 155 U. S. 610, quoting from the syllabus the court says:

"Where a party excepts to a ruling of the court but not standing upon his exception elects to proceed with the trial, he thereby waives it."

And in the opinion of the court by Mr. Justice Brown it is stated:

"Although the plaintiff upon the trial excepted to the ruling of the court that Philbrook could not sue in the name of all the assignors, but only in the name of the party or parties who held the title to the patent for the time being, they did not stand upon such exception, but elected to discontinue as to all the plaintiffs except Campbell, and proceeded in his name. We think the plaintiff must be held to abide by his election, and to have waived the first error assigned by him. We have repeatedly held that where a party upon a trial excepts to a ruling of the court but does not stand upon such exception, and acquiesces in the ruling and elects to proceed with the trial, he thereby waives his exception." *Grand Trunk Ry. v. Cummings,* 106 U. S. 700; *Accident Ins. Co. v. Granbal,* 120 U. S. 527; *Robinson v. Perkins,* 129 U. S. 233; *Columbia and Puget Sound Railroad v. Harthorn,* 141 U. S. 202.

In *Northern Pacific Railway Company v. Murray,* 87 Fed. 648, quoting from the syllabus, the court says:

"Plaintiff brought ejectment against defendant railroad company for land upon which it had wrongfully entered and constructed its road. But upon plaintiff's request permitted him to file an amended complaint for damages only. Held, that by the electing to amend plaintiff waived his right to

maintain the action in its original form, and was not aided by a stipulation agreeing that such question should be submitted to the court of appeals."

To the same effect is *Squire Rose v. M. K. & T. Ry. Co.,* 18 Kan. 124; *Moore v. Wade,* 8 Kan. 380; *Barry, et al. v. Barton. et al.,* 12 Okla. 221; *Marrow v. Casper, et al.,* 13 Okla. 335.

The question of plaintiff's damage as measured by the amended petition, to wit, the value of the land conveyed, was fairly presented to and determined by the jury; and finding no error in the case so presented, the judgment of the court below must be affirmed, with costs.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.