Hon. JNO. H. BURFORD, Chief Justice.
Hon. BAYARD T. HAINER,
Hon. BENJ. F. BURWELL,
Hon. CLINTON F. IRWIN,
Hon. FRANK E. GILLETTE, } Associate Justices.
Hon. J. L. PANCOAST,
Hon. M. C. GARBER,

---

The Board of County Commissioners of Garfield County

v. James K. Beauchamp.

(Filed February 13, 1907.)

1. PRACTICE—Demurrer—Error Waived, When.—Where a demurrer to a pleading is sustained and the pleader presents his amended pleading and makes application to the court for leave to file the same, he thereby waives the error, if any has been committed in sustaining such demurrer. In order to take advantage of a ruling on a demurrer, where the demurrer is sustained, the party must stand upon his pleading held to be defective and not amend or offer to amend.

1—Vol. 18

2. **ERROR ASSIGNED—Abandoned When.** In a case where the trial court has sustained a demurrer to the petition and the pleader presents an amended pleading with an application for leave to file the same, which application is denied, and where the party making such application to amend assigns such ruling as error in his petition in error but fails to present such assignment either in his brief or oral argument, such assignment of error is deemed to be waived and abandoned.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before*

*C. F. Irwin, Trial Judge.*

*Daniel Huett, County Attorney,* and *Charles West,* for plaintiff in error.

*C. H. Parker, Robberts & Curran, Houston & Buckner, Mackey & Mackey, W. O. Woolman, Seymour Foose, Horace Speed, John B. Harrison, Sam P. Ridings, Denton & Denton* and *Dale & Bierer,* for defendant in error.

Opinion of the court by

PANCOAST, J.: This action was originally brought in the district court of Garfield county by the plaintiff in error against the defendant in error. The petition is in nineteen counts. The action was brought to recover certain sums which it is claimed were due from the defendant in error that he received as probate judge of Garfield county and had not paid into the county treasury.

It is alleged that the defendant became probate judge of Garfield county on January 2nd, 1899, and held the office continuously until the 20th day of May, 1902; that he fraudulently appropriated moneys to his own use belonging to the county. The money so alleged to have been appropriated

was money received by him as probate judge which he failed to report and pay into the county treasury. Various amendments were made to the petition. On October 5th, 1905, by leave of court, the last amended petition was filed, and on the 9th of December a demurrer was sustained on the ground that it did not contain allegations sufficient to constitute a cause of action.

By the various counts of the petition it is disclosed that quarterly reports were made by the defendant as probate judge to the county commissioners at the end of each quarter which were in each instance acted upon. Copies of these various reports are attached to and made a part of the last amended petition. Each count represents an alleged cause of action based upon the moneys received during each quarter, the first being denominated "Old court costs," the second, for fees earned by the defendant's predecessor in office, the third, for money which is is alleged was not paid to the county treasurer but was retained by the defendant, and so on down through the various counts, except the sixth, seventh, eight and others, which is for interest alleged to be due upon amounts which were either not reported or not reported at the time required by law. By careful reference, however, to the petition, it is clear that these various discrepancies are all accounted for and disclosed in the various reports similar to count one, which is referred to as "Old court costs," and appears on pages 99 and 100, being footed on page 100, which report was filed at the end of the quarter ending March 31, 1899, there being a number of items, the total of which the defendant charges himself with, as is shown upon page 105, under a column headed "Total amount received," and is

again shown on the final count of settlement on page 311. This is true of each of the other counts except those charging interest and those charging that moneys were received for marriage ceremonies performed.

The demurrer to the last amended petition was sustained by the court below, for the reason that the action, as disclosed by each of the counts in the petition, was barred by the statute of limitations. After rendering judgment sustaining the demurrer, an application to again amend the petition was made by presenting an amended petition, and leave was asked of the court to file the same, which was denied.

The case made was originally attacked by the defendant in error for the reason that it did not contain a copy of the judgment or final order of the trial court. This defect, however, has been remedied and the case made amended, so that this question is eliminated.

After the court declined to allow the plaintiff to further amend its petition, a motion for new trial was filed and overruled.

Elaborate briefs have been filed by both parties, containing in all nearly three hundred pages. The record is likewise voluminous. The only questions, however, argued by plaintiff in error are those growing out of the judgment sustaining the demurrer. The question of the correctness or incorrectness of the ruling of the court in refusing the plaintiff to further amend its petition after the demurrer was sustained, is in no wise touched upon, and, therefore, under the well settled rules of practice, this question must be taken to have been waived by the plaintiff in error.

.

The defendant in error, however, in his first proposition contends that all questions of error, if any there be, growing out of the sustaining of the demurrer cannot now be presented to this court in this appeal because of the fact that all such were waived by the plaintiff in error when it presented its amended petition and made application to file the same, which was denied, and, in support of his contention, the case of *Berry and Berry v. Barton et al.,* 12 Okla. 221, is cited as decisive of this proposition. If the defendant in error is correct in his contention in this regard, all other questions are eliminated and it will serve no good purpose to extend this opinion to an extent necessary to take up in detail the various counts of the plaintiff's petition in order to determine whether or not the decision of the court below was correct in sustaining the demurrer thereto.

It might be well, however, to state that, notwithstanding the allegations of the petition alleging fraud on the part of the defendant while probate judge in failing to make his reports and in failing to account for moneys coming into his hands, yet, in the oral argument made to this court by counsel for plaintiff in error, at the very opening, it was stated that no contention would be made that the defendant had not charged himself with all moneys received by him during his whole term of office, but, on the other hand, it would be admitted that the reports were made quarterly as required by the statute, and that they were in all respects correct, and that counsel had no fault to find therewith, unless he had received fees for injunctions and marriage ceremonies performed with which he had not charged himself, and as to these matters counsel stated that they knew nothing.

Counsel further stated in the oral argument as to the disbursements with which defendant credits himself in his final statement, that it was admitted that they were paid out by him, and that the credits for salary were correct, except for one year for which it is claimed the defendant was only entitled to $1500 when he took credit for $1600; that it was plaintiff's contention that the statute increasing the salary of the probate judge did not become operative until July, while the defendant claimed he was entitled to the increase in salary for the whole year from January first; that as to the item of $31.40, shown by the report paid by Anderson, it was admitted that the defendant was entitled to credit for this item, but that the defendant had credited himself with $50 for fines twice, and was, therefore, entitled to but one credit. As to the item of $386.55, expenses for records, etc., in the oral argument it was stated that counsel did not know whether this item was correct or not, but that, if correct, it should have been presented in the form of a voucher or account and a warrant issued therefor. It was also admitted in the oral argument that the items for carpet, payment to young Denton, payments on judgments and all other payments for which credit is taken, were actually made, but that such payments, if made by direction of the board of county commissioners, were illegally made for that the board had no power to make such order, and that the money in the hands of the defendant should have been paid to the county treasurer.

By these admissions, when taken in connection with the facts disclosed by the record of reports, there is little, if anything, left in this case, as these admissions practically

wipe out all allegations of a serious nature contained in the petition, and had the petition in the court below been so modified as to contain the admissions made in the oral argument in this court, the demurrer to the petition must necessarily have been sustained, not only on the ground that the action was barred by the statute of limitations, but also on the theory that the allegations of the petition did not state a cause of action.

We now pass to the question contended for by counsel for the defendant in error, viz: That the question of error, if any there be, growing out of the judgment sustaining the demurrer to the petition had been waived by the presentation of an amended petition and an application made to the court for leave to file the same.

One of the elementary rules of practice which is thoroughly settled is that, in order that a party may assign error upon an adverse ruling upon a demurrer when it is sustained, the party must stand upon his pleading held to be defective and not amend. This question of practice was passed upon in the case of *Berry and Berry v. Barton, supra,* and while there are cases which hold adversely to this rule, yet the great weight of authority, as said by Justice Burwell in the case referred to, supports this doctrine. Justice Burwell, speaking for this court, lays down the rule that by pleading over after a demurrer has been sustained, a party waives the error if any has been committed by the court in such ruling, and further that the rule not only applies where the party actually pleads over, but also where he takes leave to plead over after a demurrer has been sustained to his pleading. It is there said:

"It is the intention of the party as indicated by his acts, at the time, which fixes his standing in court. By taking leave to amend he thereby indicates his intention to abandon his former position and to draft his pleadings upon a different theory, or to state his cause of action in different language. By taking leave to amend, he admits the insufficiency of his pleading, and he is bound by his own conduct, and cannot afterwards take advantage of it."

Under the rule laid down in this case in this court, the only question that can be presented to this court in this case is: Did the court below commit error by refusing the application of the plaintiff in error to further amend his petition? And in this class of questions of practice the standing of the party is the same when the party tenders an amended pleading the privilege of filing which is denied as when he actually files the amended pleading, as by tendering an amended pleading, though it is refused, the pleader manifests an intention to waive any error that may have been committed by the court in sustaining the demurrer, and waives the right to assign error thereto to the same extent as though he had procured the order for its filing and that the court had afterwards striken it from the files or sustained a demurrer thereto.

The court, in refusing the plaintiff leave to further amend his pleading in this case, simply passed upon the question before it. It was not a refusal to allow any amendment, but it was a refusal to allow the filing of the amended petition as presented only. The court might have allowed some other kind of amended petition to be filed if any such had been presented, and, having the right to assign error for the refusal of leave to file the last amended petition pre-

sented, the plaintiff may not also assign error to the previous ruling sustaining the demurrer which the amended pleading was intended to supplant.

This rule is very distinctly laid down in the case of *Anthony v. Slayden et al.,* 60 Pac., 826, quoted from in the case of *Berry and Berry v. Barton, supra.*

As stated before, the question is not only one of practice, but is elementary. It would be manifestly unfair to permit a party to assign error upon the ruling of a court refusing to allow an amendment and at the same time assign error for the sustaining of a demurrer to the original petition. By making application to amend after a demurrer has been sustained, it is plain that the party intends to waive whatever error there may be, if any exists, in order that he may have the privilege of curing a defect in the original pleading. The filing of an amended pleading is an abandonment of the prior one and the application to file the amended pleading manifested an intention to abandon the former.

Having reached the conclusion that the tendering of the amended petition and the application to file the same waived any error which the court may have made by sustaining the demurrer to the petition, and counsel not having argued the question of the ruling of the court in refusing to allow the amended pleading to be filed, there is no question in this case to be considered by the court.

Seeing no error in the record, the judgment of the court below is affirmed.

Irwin, J., who presided in the court below not sitting; Garber, J., not sitting; all the other Justices concurring.