CHIDSEY *et al.* v. ELLIS *et al.*

No. 2611. Opinion Filed November 14, 1911.

Rehearing Denied December 8, 1911.

**TRIAL—Demurrer—Waiver of Error by Amendment.** When a demurrer is sustained to a pleading, and the pleader takes leave to amend, he thereby waives the error, if any has been committed, in sustaining such demurrer. In order to take advantage of a ruling on a demurrer when such demurrer is sustained, the party must stand upon his pleading held to be defective, and not amend.

(Syllabus by the Court.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action between J. C. Chidsey and others and D. F. Ellis and others. From an order dissolving a temporary injunction, the former appeal. Dismissed.

*W. E. Lattimer, Carr & Fields,* and *Thompson & Patterson,* for plaintiffs in error.

*Ledbetter, Stuart & Bell,* for defendants in error.

DUNN, J.  This case presents error from the district court of Murray county.  A statement sufficient to present the controlling proposition is that the trial court granted a temporary injunction, which, on motion, it dissolved.  From this action appeal was taken to this court and a supersedeas granted staying the effect of the. order dissolving the injunction.  It is conceded by both parties that the force and effect of the motion upon which the temporary injunction was dissolved was that of a demurrer, and counsel in their petition in error state that the same "was tantamount to the declaration that the petition filed by the plaintiffs in error failed to state a cause of action."  On sustaining this motion, and while the order dissolving the injunction was effective, instead of standing upon the petition relied on, counsel for plaintiffs filed an amended petition in lieu of the original, which had the effect of superseding it; and it is insisted in this court by counsel for defendants in error that, in so doing, plaintiffs waived any error committed by the court in sustaining the demurrer to the original petition and in dissolving the temporary injunction.  This contention must be sustained.  The rule is stated by the Supreme Court of the Territory of Oklahoma in the case of *Berry et al. v. Barton et al.,* 12 Okla. 221, 71 Pac. 1074, as follows:

"When a demurrer is sustained to a pleading, and the pleader thereupon takes leave to amend, he thereby waives the error, if any has been committed, in sustaining such demurrer. In order to take advantage of a ruling on a demurrer when such demurrer is sustained, the party must stand upon his pleading held to be defective, and not amend."

In this case is cited a great number of authorities sustaining the principle stated, and the same was thereafter followed by the Supreme Court of the territory in the cases of *Morrill v. Casper et al.,* 13 Okla. 335, 73 Pac. 1102; *Rogers v. Brown,* 15 Okla. 524, 86 Pac. 443; *Carle et al. v. Oklahoma Woolen Mills et*

*al.,* 16 Okla. 515, 86 Pac. 66; *Board of Com'rs of Garfield County v. Beauchamp,* 18 Okla. 1, 88 Pac. 1124.

It therefore follows that the petition in error presents merely a hypothetical question such as this court has frequently declared it would not consider. *Hodges et al. v. Schafer,* 23 Okla. 404, 100 Pac. 537, and cases therein cited.

All the Justices concur.