**CABELL v. McLISH et al.**

No. 7005—Opinion Filed June 21, 1916.

Rehearing Denied Oct. 31, 1916.

(160 Pac. 592.)

**1. Pleading—Demurrer—Waiver — Pleading Over.**

Where a demurrer is interposed to a pleading and such demurrer sustained by the trial court and leave granted to amend, and thereafter an amendment made, such action is a waiver of the demurrer. In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading, held to be defective, and appeal from the action of the trial court.

**2. Guardian and Ward—Administration of Estate—Loans.**

Where the guardian of a minor takes notes, with personal security only, without authority from the county court to make the particular loan, and without the loan being approved by the county court, and thereafter offers such notes in settlement with his successor, and they are refused and suit instituted under the direction of the county court, a tender of such notes in settlement is insufficient.

**3. Guardian and Ward—Liability on Bond —Judgment Against Principal—Collateral Attack.**

When the county court finds a guardian indebted to his ward in a specific sum, and directs the payment of the same, and further directs the newly appointed guardian to bring suit against the former guardian and his bondsmen, the judgment of said court rendered in said suit is final and binding upon the guardian and his sureties, and cannot be collaterally attacked when no appeal has been taken therefrom.

(Syllabus by Clay, C.)

Error from District Court, Carter County; A. Eddleman, Judge.

Action by Reuben McLish and others

against J. V. Cabell and others. Judgment for plaintiffs, and defendant Cabell brings error. Affirmed.

H. A. Ledbetter, for plaintiff in error.

Harreld & Ward and J. B. Moore, for defendants in error.

Opinion by CLAY, C. This action was brought by Reuben McLish, a minor, by his guardian, J. E. McCarty, in the district court of Carter county, Okla., against J. V. Cabell, a former guardian, and J. S. Mullen, J. P. Mullen, E. Dunlap, L. V. Mullen, and the Southern Surety Company, as sureties on certain bonds executed by said J. V. Cabell, as guardian, alleging that Cabell, as guardian of Reuben McLish, became possessed of certain funds belonging to said minor; that on July 22. 1912, an order of the county court of Carter county was entered, requiring the said J. V. Cabell to pay to his successor, J. E. McCarty, guardian of said minor, the sum of $4,349.18, the amount due said minor's estate; that $850 of said amount was paid, and plaintiff prays judgment for $3,574.41. Defendants answered: First, by a general denial; second, setting up the sale of certain of the minor's lands and the receipt of moneys found due, and allege certain notes were reported to the county court of Carter county; that the report of said Cabell, as guardian, was approved, attaching the report, and pleading the judgment of the county court of Carter county, and alleging tender of cash on hand and certain notes as alleged compliance with said judgment. A demurrer was sustained to the second paragraph of this answer and the defendant excepted. Trial was had to a jury, a verdict found for plaintiff, judgment entered thereon, and the defendant excepts and brings the case to this court for review.

In considering this case the parties will be referred to as they appeared in the trial court, plaintiff and defendants, respectively.

Defendants complain of the action of the trial court in sustaining the demurrer to the answer, to the first amended answer. to the second amended answer, and to the answer filed May 12, 1914. Upon sustaining the demurrers to the answer. the first amended answer, and the second amended answer, the defendants on each occasion amended. .

It is well settled by numerous decisions of this court that where a demurrer is sustained to a pleading in the trial court, and such pleading is thereafter amended, the error of the court, if any, in sustaining the demurrer, is waived. In Berry v. Barton, 12

Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, it is said:

"It is also contended by the defendants that the court erred in sustaining the demurrer interposed by the plaintiff, even as against the second defense. It is not necessary to decide in this case as to whether the second count in the answer stated a defense, for the reason that when the demurrer was sustained, the defendants were granted leave to amend, and by taking leave to amend they waived the error, if any, in the sustaining of the demurrer. In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading, held to be defective, and not amend."

To the same effect are: Kingman & Co. v. Pixley, 7 Okla. 351, 54 Pac. 494; Berry et al. v. Barton et al., 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513; Morrill et al. v. Casper et al., 13 Okla. 335, 73 Pac. 1102; Carle et al. v. Okla. Woolen Mills, 16 Okla. 515, 86 Pac. 66; County Com'rs v. Beauchamp, 18 Okla. 1, 88 Pac. 1124; Pattee Plow Co. v. Beard, 27 Okla. 239, 110 Pac. 752, Ann. Cas. 1912B, 704; Chidsey et al. v. Ellis et al., 31 Okla. 107. 125 Pac. 464; Insurance Co. v. O'Neil, 36 Okla. 792, 130 Pac. 270; Wallace v. Blasingame. 53 Oklahoma, 155 Pac. 1143.

We have examined the answers filed, and think the trial court did not err in sustaining the demurrers complained of by the defendants.

Defendants next complain of the action of the trial court in excluding certain testimony offered by them and receiving certain testimony over objections. It appears that J. V. Cabell, while he was guardian of plaintiff minor, came into possession of certain moneys of his ward by selling his ward's land for reinvestment and education, upon order of the county court for this purpose; that upon making his report to the county court, after being cited so to do, he reported the note, known as the Bass note, for $750, with accrued interest in the sum of $177 50, and one note known as the Timmons note for $2,500, and accrued interest in the sum of $200, and reported that he held himself responsible to his successor in the sum of $4,349.18. The county court on July 22, 1912, approved this report, but found J. V. Cabell indebted to the estate of said minor in the sum of $4,349.18, and ordered the same to be paid said minor, and directed J. E. McCarty. as guardian, upon failure to collect said sum, to bring suit upon the bond of said J. V. Cabell. Defendants allege that Cabell offered to settle with his successor by tendering the Bass and Timmons notes, claiming that said notes were good and their makers solvent, but the court excluded this testimony,

and defendants excepted. These notes were taken by the guardian, Cabell, without any direction from the county court to make such investment, and were never presented to the county court for approval. When a guardian loans his ward's money without an order of the county court, or its approval, he does so at his own risk and is held to strict account. He was required to settle with his successor, and cannot complain that such successor refused to be satisfied with the notes made upon personal security. The court was correct in excluding evidence of the tender of the notes, of the solvency of the makers, or anything in connection with such notes, unless there was evidence of approval by the county court. These loans were made upon personal security only, and it is generally held that such loans could not be made except by leave of the guardianship court. See cases to Bunn's Ann. Sup. Code 1910, sec. 6569; Estate & Guardianship of Bennett Wood, 159 Cal. 466, 114 Pac. 992, 36 L. R. A. (N. S.) 252, and note, for discussion of the subject: In re Averill's Estate (Cal.) 66 Pac. 15; In re Schandoney's Estate, 133 Cal. 387, 65 Pac. 878; In re Carver's Estate, 118 Cal. 73, 50 Pac. 22.

The judgment of the county court finding the defendant, Cabell, indebted to the estate of his ward and directing the collection of the amount found due, is a final judgment, and cannot be collaterally attacked, no appeal having been taken from such judgment. Southern Surety Co. v. Burney, 34 Okla. 552, 126 Pac. 748, 43 L. R. A. (N. S.) 308; Shipman v. Brown, 36 Okla. 623, 130 Pac. 603; Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696.

We have carefully examined the record and evidence excluded and received, and find no error in the case. We, therefore, recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.