### WAGNER et al. v. THORPE et al.

No. 21636. Opinion Filed Sept. 15, 1931.

Clifford W. Ferguson, for plaintiffs in error.

Embry, Johnson, Crowe & Tolbert and Hughes & Dickson, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Texas county in favor of the defendants in error, defendants in the trial court, against the plaintiffs in error, plaintiffs in the trial court. The parties hereinafter will be referred to as they appeared in the trial court.

The record shows that a general demurrer of the defendants to the petition of the plaintiffs was sustained. The plaintiffs amended their petition by adding thereto the following:

"That subsequent to the filing of this petition and prior to date of this hearing on demurrer, the Attorney General of state of Oklahoma, acting as ex-officio Bond Commissioner of state of Oklahoma, has approved the bonds which are a part of the subject-matter and which are referred to and set forth in the allegations of the original petition."

Thereafter, the defendants filed a motion to strike the amendment made by the plaintiffs. Upon a hearing the trial court sustained that motion and struck that portion of the amended petition which had been added thereto by way of amendment. From that order the plaintiffs excepted and declined to plead further. Thereupon the trial court dismissed their action at their cost. From that judgment an appeal was taken to this court.

Herein the plaintiffs contend that the trial court erred in sustaining the demurrer to the petition of the plaintiffs, and that the trial court erred in striking the amendment and in dismissing the petition of the plaintiffs.

When a demurrer is sustained to a pleading and the pleader thereupon takes leave to amend, he thereby waives the error, if any has been committed, in sustaining such demurrer. Berry v. Barton, 12 Okla. 221, 71 P. 1074; Carle v. Oklahoma Woolen Mills, 16 Okla. 515, 86 P. 66; Board of County Commissioners v. Beauchamp, 18 Okla. 1, 88 P. 1124; Cates v. Miles, 67 Okla. 192, 169 P. 888; Bank of Buchanan County v. Priestly, 87 Okla. 62, 209 P. 412; Dixon v. National Bank of Commerce, 98 Okla. 181, 224 P. 307; Ottawa County Nat. Bank v. Bouldin, 117 Okla. 104, 246 P. 434; Roach v. Choctaw Lbr. Co., 131 Okla. 72, 267 P. 256; Battle v. Epperson, 135 Okla. 27, 274 P. 17.

With reference to the amendment made and stricken, the plaintiffs in their brief say:

"The plaintiffs in error do not seriously contend that this matter was necessary either to give jurisdiction to the court or to constitute a valid cause of action, but that it was allowable in discretion of the court without abuse, in order that evidence might be introduced to better inform the court of the status of the bonds."

We agree with the plaintiffs that the amendment was not necessary either to give jurisdiction to the court or to constitute a valid cause of action. We think that the amendment was insufficient to state a valid cause of action, either when standing alone or when taken in connection with the other matter. It did not add to the petition those things necessary to be included therein to make the petition state a cause of action, and for the absence of which the trial court had sustained a demurrer thereto. While we agree with the plaintiffs that there should be a liberal rule as to the amendment of pleadings, we cannot agree with them that when a demurrer has been sustained to a petition, the petition may thereafter be amended by including therein a statement which does not materially aid the petition. We see no error in the trial court in striking the amendment from the petition.

The trial court had sustained a demurrer to this petition. The amendment made by the plaintiffs was insufficient to remedy the defect in the original petition and the amendment was properly stricken. The trial court would doubtless have permitted the plaintiffs to have made a further amendment, had they requested permission so to do, but they did not request permission to further amend, but stood upon their pleading as filed. There were but two things that the trial court could do: one, to vacate the order sustaining the demurrer to the petition, and the other, to dismiss the action. The trial court dismissed the action, and we see no error therein.

The judgment of the trial court is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.