## FRENN et al. v. NABOURS et al.

No. 25793.  April 7, 1936.

Rehearing Denied May 19, 1936.

Application for Leave to File Second Petition for Rehearing Denied Sept. 15, 1936.

A. L. Emery, for plaintiffs in error.

Steele & Boatman, for defendant in error.

PER CURIAM. This cause originally arose in the district court of Okmulgee county, wherein the defendant in error W. H. Nabours filed an action against the plaintiffs in error Adele Frenn, Frank Frenn, and Ida Frenn, to recover a judgment in the sum of $2,875.89, attorneys' fee, interest, and costs by reason of a promissory note made, executed, and delivered by the plaintiffs in error to the Braniff Investment Company, and subsequently assigned to the defendant in error W. H. Nabours, which said note was secured by a real estate mortgage upon certain lots located in the city of Okmulgee, Okla., upon which foreclosure was also sought. To this petition the defendants filed an answer and cross-petition. consisting of 58 pages of the case-made, including exhibits, against the plaintiff, the Braniff Investment Company, Provident Mortgage Company, and the Liberty National Bank of Oklahoma City, asking judgment against each of the defendants in error for the sum of $33,800 for slander of title, failure to release mortgages, exemplary and punitive damages, and for a reasonable attorney's fee to be fixed by the court.

Pursuant to motion filed, and over the objections of defendant in error Nabours, the trial court permitted the plaintiffs in error to make the Braniff Investment Company, Provident Mortgage Company, and the Liberty National Bank of Oklahoma City additional parties defendant to the action. In the course of the pleadings, the defendant in error W. H. Nabours filed a demurrer to the answer and cross-petition of the plaintiffs in error. The defendant in error Liberty National Bank, after service of process, filed a motion to vacate the order making it a party defendant, and to dismiss the cross-petition; the Braniff Investment Company and the Provident Mortgage Company, after service of process, each filed a motion to vacate the order of the trial court making them parties defendant, each of the last three mentioned motions being based upon the ground that the said defendants in error were not necessary parties to the determination of the issues set forth in plaintiff's petition, and that therefore they were improperly made parties defendant to the action.

The trial court, after a hearing, sustained the demurrer of W. H. Nabours, as well as the motions to vacate filed by the Liberty National Bank, Braniff Investment Company and the Provident Mortgage Company, and dismissed the action as to the last three defendants in error. In sustaining the demurrer of the defendant in error Nabours, the trial court granted the plaintiffs in error an extension of time in which to file an amendment to their answer and cross-petition. The plaintiffs in error excepted to the ruling of the court on the demurrers, as well as on the motions to vacate and dismiss. They also gave notice in open court of their intention to appeal from the order of the trial court in sustaining the motions to vacate of the Braniff Investment Company, Provident Mortgage Company, and the Liberty National Bank, and requested an extension of time for preparation and service of the case-made, which was granted by the court.

Thereafter, on April 13, 1934, the plaintiffs in error filed an amendment to their answer and cross-petition; the defendant in error W. H. Nabours then filed his reply and answer. Thereafter the plaintiffs in error filed a reply, denominated as a plea in abatement, also an application for a change of judge, both of which were overruled by

the trial court and exceptions allowed, with the plaintiffs in error announcing their intention to appeal from the ruling.

It is from the action of the trial court in sustaining the demurrer of the defendant in error W. H. Nabours, and the motions to vacate and dismiss the cause of action as to the Liberty National Bank, the Provident Mortgage Company, and Braniff Investment Company, that the plaintiffs in error prosecute their appeal.

With reference to the complaint of the plaintiffs in error as to the action of the trial court in sustaining the demurrer, they are for two reasons, without standing in this court. In order for this court to review the action of the trial court in sustaining the demurrer, it was necessary that notice of appeal be given in the court below by the plaintiffs in error from the ruling of the trial court in this regard. This was not done. See Patterson v. Townley Metal & Hardware Co., 83 Okla. 54, 200 P. 852; Callender v. Hopkins, 97 Okla. 41, 222 P. 672; Bray Clothing Co. v. Holland, 98 Okla. 164, 224 P. 324; Forrest E. Gilmore Co. v. James, 156 Okla. 216, 10 P. (2d) 392. Even if such notice of appeal had been given, the plaintiffs in error, having filed an amendment to their answer after the same was sustained by the trial court, the filing of the subsequent amendment waived the right to appeal from the action of the trial court. In Cabell v. McLish, 61 Okla. 224, 160 P. 592, the first paragraph of the syllabus reads:

"Where a demurrer is interposed to a pleading and such demurrer sustained by the trial court and leave granted to amend, and thereafter an amendment made, such action is a waiver of the demurrer. In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading, held to be defective, and appeal from the action of the trial court."

In the body of the opinion, this court said:

"It is well settled by numerous decisions of this court that where a demurrer is sustained to a pleading in the trial court, and such pleading is thereafter amended, the error of the court, if any, in sustaining the demurrer, is waived. In Berry v. Barton, 12 Okla. 221, 71 P. 1074, 66 L. R. A. 513, it is said:

"'It is also contended by the defendants that the court erred in sustaining the demurrer interposed by the plaintiff, even as against the second defense. It is not necessary to decide in this case as to whether the second count in the answer

stated a defense, for the reason that when the demurrer was sustained the defendants were granted leave to amend, and by taking leave to amend they waived the error, if any, in the sustaining of the demurrer. In order to take advantage of the ruling on a demurrer when it is sustained, the party must stand upon his pleading, held to be defective, and not amend.'

"To the same effect are Kingman & Co. v. Pixley, 7 Okla. 351, 54 P. 494; Berry v. Barton, 12 Okla. 221, 71 P. 1074, 66 L. R. A. 513; Morrill v. Casper, 13 Okla. 335, 73 P. 1102; Carle v. Okla. Woolen Mills, 16 Okla. 515, 86 P. 66; County Com'rs v. Beauchamp, 18 Okla. 1, 88 P. 1124; Patee Plow Co. v. Beard, 27 Okla. 239, 110 P. 752, Ann. Cas. 1912B, 704; Chidsey v. Ellis, 31 Okla. 107, 125 P. 464; Insurance Co. v. O'Neil, 36 Okla. 792, 130 P. 270; Wallace v. Blasingame, 53 Okla. 198, 155 P. 1143.

"We have examined the answers filed, and think the trial court did not err in sustaining the demurrers complained of by the defendants."

To the same effect see: McGrath v. Durham, 151 Okla. 55, 1 P. (2d) 718; Wagner v. Thorpe, 151 Okla. 142, 2 P. (2d) 1027; El Reno Wholesale Grocery Co. v. District Court of Seventeenth Judicial District in and for Custer County, 161 Okla. 72, 17 P. (2d) 478; Beaver, N. & E. R. Co. v. Baker, 167 Okla. 568, 31 P. (2d) 131.

We therefore conclude that failure of the plaintiffs in error to give notice of appeal from the action of the trial court in sustaining the demurrer, and in thereafter filing an amendment to their answer and cross-petition, leaves them without grounds in this regard for complaint in this court.

Defendants next complain of the action of the trial court in overruling a prior order of the court in making the Liberty National Bank, Braniff Investment Company, and Provident Mortgage Company parties defendant to the action, and in dismissing the cause as to such parties. The trial court, in taking the action which it did, concluded that the matters set up in the answer and cross-petition as to the last-mentioned parties were not germane to the original controversy and not involved in the proper determination for the causes of action set up in the original petition. With the conclusions of the court below, we quite agree. It is well settled by numerous decisions of this court that the cause of action set up in a cross-bill must be germane to the original controversy in such a matter as is involved in a proper determination of the cause of action set up in the original petition. The rule is well grounded in precedents. The authority of a party litigant in

this jurisdiction for the joinder of additional parties must be found in the statutes. Section 218, C. O. S. 1921 (sec. 151, Okla. Stats. 1931) provides for the joinder of parties plaintiff, and is as follows:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."

Section 219, C. O. S. 1921 (sec. 152, Okla. Stats. 1931), provides for the joinder of parties defendant, and is as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

The last-quoted section necessarily applies to the case at bar and the authority of the plaintiffs in error to make additional parties defendant will have to be found within the four corners of that section.

The case of Tracy v. Crepin, 40 Okla. 297, 138 P. 142, was a case where plaintiff brought suit to foreclose a mortgage. The defendant, by way of cross-petition, sought relief against his grantee of the mortgaged premises. The trial court struck out the cross-petition, and on appeal this court sustained the action of the trial court. The third paragraph of the syllabus reads:

"In an action by a mortgagee to foreclose a mortgage upon real estate, the grantee of the mortgagor under a warranty deed sought by cross-petition to recover damages against the mortgagor (the grantor in the warranty deed) for breaches of the covenants in the warranty deed. Held, that the matter set up in the cross-petition is not involved in a proper determination of the cause of action set up in the original petition, and the trial court committed no error in striking out such cross-petition."

In the body of the opinion, we said:

"Assuming, without deciding, that under the liberal provisions of the Code new matters cognizable only at law and in respect to which the law furnishes an adequate and complete remedy may be introduced by cross-bill, it is clear that, by the statute quoted above, the cause of action set up in the cross-bill must be germane to the original controversy; and where a defendant seeks to set up new and distinct matter, not maintainable under the provisions of the Code as a counterclaim, unless such matter is involved in a proper determination of the subject-matter of the original suit, the defendant will be required to litigate it in a separate action. 5 Ency of Pl. & Prac. 678.

A complete disposition of plaintiff's cause of action in the instant case may be had without any consideration of the subject-matter of the cross-bill."

In the case at bar a complete disposition of the plaintiff's cause of action may be had without any consideration of the subject-matter of the cross-bill, in so far as it affects the Liberty National Bank, the Provident Mortgage Company, and the Braniff Investment Company.

In Patterson v. Central State Bank, 75 Okla. 147, 182 P. (2d) 678, the first and second paragraphs of the syllabus read:

"A cause of action set up in a cross-bill against a party who has been made a co-defendant on motion of the original defendant must be germane to the original controversy; and, where the defendant seeks to litigate a new and distinct controversy between himself and a codefendant in said cross-bill, the same is not maintainable under the provisions of the Code as a counterclaim or cross-bill; the defendant will be required to litigate said counterclaim or cross-bill against his codefendants in a separate action.

"In an action upon a promissory note brought by plaintiff against defendant, where the defendant has additional parties made codefendants, and then attempts to litigate by cross-bill a controversy between himself and codefendants not germane to the subject-matter involved in the original suit, it is not error for the court to dismiss the cross-bill."

For other cases of this court, see Enid Oil & Pipe Line Co. v. Champlin, 113 Okla. 170, 240 P. 649; State National Bank of Shawnee v. Central National Bank of Tulsa, 146 Okla. 142, 293 P. 1007; Johnson v. Cullinan, 94 Okla. 246, 221 P. 732. We conclude that a complete disposition of the plaintiff's cause of action in the instant case may be had without any consideration of the subject-matter of the cross-bill, in so far as it affects the defendants in error, Liberty National Bank, Braniff Investment Company, and Provident Mortgage Company.

Inasmuch as plaintiffs in error, in their brief, present no argument or authorities with reference to the action of the trial court in overruling the plaintiffs in error's motion or plea in abatement, and in denying the application for a change of judge, we shall treat the same as having been waived and not before the court.

It follows that the judgment of the trial court should be and the same is hereby affirmed. with costs of this appeal taxed against the plaintiffs in error.

The Supreme Court acknowledges the aid of Attorneys E. J. Doerner, James B. Diggs, and W. J. Donohue in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Doerner and approved by Mr. Diggs and Mr. Donohue, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, and CORN, JJ., concur.