SAMUEL A. V. HARTWELL v. JOHN H. HAVIGHORST.

(Filed July 6, 1901.)

1. **DECISION OF LAND DEPARTMENT—Not Disturbed, When.**
Findings of fact found by the officers of the land department are binding upon the courts in the absence of the evidence in the trial of a contest case, and even when such evidence is attached to and made a part of the petition to declare a resulting trust, the facts found by the land officers will not be disturbed if there was any evidence on which such findings of fact could be made.

2. **RESULTING TRUST—Demurrer to Petition.** A petition to declare a resulting trust which discloses that there was some evidence on which the findings of fact in a decision of the land department could be based fails to state a cause of action; and a demurrer directed thereto on that ground should be sustained.

(Syllabus by the Court.)

Hartwell v. Havighorst.

*Appeal from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*T. G. Chambers,* for appellant.

*Dale & Bierer,* for appellee.

Opinion of the court by

BURWELL, J.: This action was commenced by Samuel A. V. Hartwell, in the district court of Logan county, against John H. Havighorst, to declare a resulting trust. The land involved is the S. W. quarter of section 4, Twp. 16 N., R. 2 W., in Logan county. The defendant demurred to plaintiff's petition, which was by the court sustained. The plaintiff refusing to plead further judgment was entered for the defendant, from which plaintiff appeals.

The plaintiff claims in his petition that at the opening of the country, (original Oklahoma,) in April, 1889, he settled on the land in dispute for the purpose of taking it for a homestead; that he was in all ways qualified to make homestead entry, and that the defendant contested him, or, more correctly speaking, filed a protest against plaintiff's entering the land, on the ground of "soonerism." In the contest case the defendant also claimed that plaintiff had entered into a conspiracy with one Carter, whereby Carter was to come into the country ahead of time and settle on and hold the particular claim in controversy for plaintiff. The plaintiff denied that that there was a conspiracy between him and Carter, and that he was a sooner. A trial of these issues was had in the local land office, and a decision rendered therein in favor of the contestant, Havighorst. This decision was affirmed by both

the commissioner of the general land office and the secretary of the interior.

The plaintiff does not attach to his petition a copy of the evidence taken on the trial of the contest case in the land department. The only copy of the proceedings had in that department, which is attached to the petition is a copy of the decision of the secretary of the interior. It is true that the petition alleges in substance what he claims certain witnesses testified to regarding the matters in issue in the contest case, and then alleges that that was all of the evidence introduced upon that subject, and upon which the decision was based. If the plaintiff relies upon the fact that there was no evidence supporting the decision of the secretary of the interior, he should have attached a full copy of the evidence in the contest case to and made it a part of his petition in this case, so that the court could determine as to whether or not there was any evidence to support the findings of fact made by the secretary; and the allegation in the petition that there was no evidence to support the secretary's decision will not suffice in lieu of the evidence. The copy of the secretary's decision attached to the petition shows that there was some evidence to support his finding, and in that decision he found the facts against the plaintiff. In the absence of the evidence or a copy of it, these findings are conclusive upon this court, and the plaintiff is bound by them.

The petition fails to show that there was no evidence to support the decision of the secretary of the interior. Therefore, it fails to state a cause of action and the demurrer on that ground was properly sustained. (*Paine v. Foster et al.* 9 Okla. 213; same, 257.)

For the reasons herein stated the judgment of the district court is hereby affirmed at the cost of appellant.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.