## GERGENS v. McCOLLUM.

No. 552.    Opinion Filed September 13, 1909.

(111 Pac. 208.)

1. **LANDLORD AND TENANT—Holding Over—Liability in Damages.** Where a tenant, without the consent of his landlord, holds over premises after the expiration of his term, the landlord may elect to treat him as a trespasser, and the tenant will be liable in damages for an amount equal to the fair rental value of the premises during the time of the unlawful detention, where no other wrongs have been committed.

2. **APPEAL AND ERROR—Review—Sufficiency of Evidence.** Where it is apparent from the record that the evidence does not reasonably sustain the verdict of the jury, this court will set the same aside.

(Syllabus by the Court.)

*Error from District Court, Washita County; James R. Tolbert, Judge.*

Action by M. Gergens against J. S. McCollum. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Massingale & Duff,* for plaintiff in error.
*Smith & Wagner,* for defendant in error.

HAYES, J. Plaintiff in error (plaintiff below) brought this action in the district court of Washita county against the defendant in error (defendant below) to recover the sum of $680 as damage resulting from the unlawful and wrongful detention by defendant of 170 acres of land after the expiration of a lease contract thereon. Plaintiff alleges in his petition that, on the 28th day of September, 1906, he executed a contract in writing

to one J. A. Felty, by the terms of which he leased to Felty 170 acres of land to be planted to wheat during the season of 1906, and the contract expired on the 1st day of August, 1907; that, after the execution of the contract, defendant entered into some sort of contract with Felty, the exact nature and terms of which are unknown to plaintiff, by which, however, defendant became the owner of Felty's interest in the lease and of a crop of wheat growing on the premises. He alleges that, after the expiration of the contract on August 1, 1907, defendant, without authority or consent of plaintiff, continued to hold possession of the leased premises until March 1, 1908, and cultivated and harvested thereon twenty acres of corn and eighty-five acres of cotton; that the reasonable rental value of the land for the time the same was unlawfully held over by defendant is the sum of $680, for recovery of which he prays judgment. A copy of the contract between plaintiff and Felty is attached as an exhibit to plaintiff's petition, and was introduced in evidence, and the terms thereof are as alleged in the petition.

Defendant, by his answer, makes a general denial of all the material allegations of plaintiff's petition, but, by averments specially pleaded, he admits all the allegations of the petition, except that he unlawfully retained possession of the land after the expiration of his term, or that its rental value for said time is the amount alleged. He answers that the written contract between Felty and plaintiff was afterwards modified and changed by an oral executed contract, by the terms of which, all the wheat crop having been destroyed by green bugs, Felty was permitted to plow up the wheat and plant the premises to corn and cotton, and he further alleges that he gave plaintiff permission to enter upon the premises during the fall of 1907 to sow wheat among the crops of cotton and corn which defendant had planted and was cultivating upon the land; and that he never at any time refused plaintiff free access to the land.

At the conclusion of the evidence, the court instructed the jury that, under the terms of the contract, defendant's rights in

the premises ceased on August 1, 1907, and that, if the jury found from the preponderance of the evidence that defendant held possession of the land or any part thereof after that date, plaintiff would be entitled to recover his reasonable damages, if any, he had sustained from the holding over of defendant. He further instructed the jury that the amount of damages, if any, should be determined by the jury from the evidence in the case. No objections were made or exceptions taken to these instructions by either of the parties. No instruction was given as to the measure of damages, and none was requested by either party.

For reversal of the judgment against him, plaintiff urges that the trial court erred in refusing to set aside the verdict of the jury as contrary to the law and evidence, and to grant him a new trial, and that further error was committed in the admission of certain evidence introduced by defendant.

Plaintiff's first contention is well taken. The only questions submitted to the jury under the instructions of the court for its determination were: Did defendant retain possession of the premises or any part thereof after August 1, 1907; and, if he did, what was the amount of plaintiff's damage, if any, suffered by reason thereof? That defendant continued to occupy a part of the premises, consisting of about 100 acres of land, after August 1, 1907, until about the 1st of January, 1908, there is no conflict in the evidence whatever. All the evidence is to the effect that he cultivated about that quantity of land in crops of corn and cotton and harvested the crops therefrom. The only defense set up by defendant in his answer, by which he attempts to justify his occupancy of the land after the expiration of the contract, was that, after the execution of the written contract, a subsequent oral executed agreement was made between plaintiff and Felty, whereby Felty was permitted to plant the premises in corn and cotton and occupy the same. There is an entire absence of any testimony of any agreement between plaintiff and Felty made subsequent to the execution of the written contract. There is an attempt on the part of the defendant to show that he, on or about

the day before the expiration of the written contract, which he had bought from Felty with the consent of plaintiff, had an oral agreement with plaintiff, whereby defendant should be permitted to retain possession of the land in order to cultivate and mature the crops of cotton and corn thereon standing and to gather same, but the evidence falls short of establishing such agreement, and it seems that the trial court took this view of the evidence, for he instructed the jury that defendant's rights ceased on August 1, 1907. No exception was taken to this instruction, and it is supported by the evidence, for the most favorable testimony in support of defendant's contention that a subsequent oral agreement was made is his testimony to the effect that, when he came to pay the rental note for the term under the written contract, he endeavored to make satisfactory arrangements with plaintiff, whereby defendant should be permitted to continue to occupy the premises for the purpose of cultivating and gathering the crops of corn and cotton; but defendant himself testifies that he could never get plaintiff to agree that any proposition offered by defendant would be satisfactory. The only question, therefore, for the jury to determine under the instructions of the court and evidence was what was the amount of damage sustained by plaintiff. Where a tenant holds over after the expiration of his term without the consent of the landlord, the landlord may, at his option, treat him as a trespasser, or may hold him liable as for renewal of the lease for another year, or, if the expired term was for less than a year, for another similar term. Taylor on Landlord and Tenant, par. 22; McAdam on Landlord and Tenant, p. ·590; 18 Am. & Eng. Encyc. of Law, p. 404. Plaintiff has elected to treat defendant as a trespasser, and seeks to recover the damage he has sustained by defendant's depriving him of the use of his land for the time defendant occupied it after the termination of the contract lease. The measure of damages for a trespass, which consists of taking possession of and holding real estate, is an amount equal to the fair rental value of the premises during the time of the unlawful detention; no other wrong having been committed. *City*

of *Oklahoma City v. Hill Bros.*, 6 Okla. 114, 50 Pac. 242; *Hart-well v. Havighorst*, 11 Okla. 189, 66 Pac. 337; *Frizzell v. Duffer*, 58 Ark. 612, 25 S. W. 1111.

There is some conflict in the evidence as to the exact rental value of the premises for the time they were withheld by defendant, but all the evidence is to the effect that the land had a rental value for said time, and that such rental value was an appreciable one. Plaintiff introduced evidence to show that he had suffered damages because of the manner in which the land had been cultivated during the time it was held over. To rebut this, defendant introduced evidence. Counsel for defendant contends that, on account of the conflict in the evidence upon this element of damages, the finding of the jury that there were no damages should not be disturbed. If this was the only element of damage contended for by plaintiff, this contention might have merit. But no claim in the petition is made for damages resulting from this source; the sole claim being based upon plaintiff having been deprived of the use of the land, and, upon that issue, there is no conflict in the evidence. The Supreme Court will not disturb a verdict where the evidence is conflicting, or where the verdict is reasonably supported by the evidence; but, where, from an inspection of the record, it is apparent that the evidence does not reasonably sustain the verdict of the jury, this court will set such verdict aside and direct a new trial. *Ranney-Alton Co. v. Hanes et al.*, 9 Okla. 472, 60 Pac. 284.

We have examined the assignments which complain of the admission of certain evidence, and find that such assignments are either without merit or go to such matters as will not likely reoccur in the subsequent proceedings in this case. A further consideration of them, therefore, is not necessary.

For the foregoing reasons, the judgment of the trial court is reversed, and the cause remanded, with direction to grant a new trial.

All the Justices concur.