## TEAGUE v. ADAMS.

No. 5214. Opinion Filed November 2, 1915.

(152 Pac. 826.)

1. **EVIDENCE—Hearsay—Conversation.** Where, in an action to recover for money had and received, the plaintiff alleges, for his cause of action, that he purchased certain property from the defendant, through his agent, and that in so doing paid to said agent, for the use and benefit of defendant, the purchase price of said property, and defendant failed to deliver said property, and refused to return the money paid therefor, and in his answer the defendant denied the receipt of said money, and alleged that he was not the owner of said property, but had sold the same to the alleged agent, who received the money therefor in his own behalf, **held,** that the sale and delivery of said property by defendant to the alleged agent is a substantial defense, and that parol evidence showing the sale of said property by defendant to the alleged agent, contained in a conversation between the alleged agent and defendant, and in the absence of the plaintiff, does not come within the class of hearsay testimony. but is competent, as tending to prove a substantial defense to the plaintiff's cause of action.

2. **APPEAL AND ERROR—Harmless Error—Instructions.** Where it appears that, although an instruction was erroneous, the jury was not misled thereby, the judgment will not be disturbed.

3. **SAME.** Whether, in a given case, there should be a reversal for error in giving an instruction, depends quite as much upon the evidence before the jury to which the instruction might be applied as upon the abstract accuracy of the language of the

instruction, and so, if it is apparent that the language of the instruction, though inaccurate, yet, when applied to the evidence before the jury, it could not have misled the jury to the belief that their duty was different from what it actually was, the inaccuracy can afford no reason for reversal.

(Syllabus by Robberts, C.)

*Error from County Court, Noble County;*
*L. B. Robinson, Judge.*

Action by J. C. Teague against G. W. Adams. Judgment for plaintiff for less than claimed, and he brings error. Affirmed.

*H. A. Johnson* and *Henry S. Johnston,* for plaintiff in error.

*P. W. Cress,* for defendant in error.

Opinion by ROBBERTS, C. The parties will be designated plaintiff and defendant herein, the same as they were below. Plaintiff commenced this action in the county court of Noble county to recover from the defendant the sum of $125, which he claims he paid to defendant as the purchase price for a certain ten-acre tract of land. He alleges that at the time he bought the land from defendant, and paid him the money, defendant stated that it was Indian land, and the sale would have to be approved by the government; that the purchase was made chiefly through one John Jamison, whom plaintiff alleges was the agent of, and acting for, the defendant in the sale of the land. Some time after the money was paid for the land plaintiff was notified that the government had refused to approve the sale, and thereupon plaintiff demanded the return of his money, which was refused.

The defendant answered by general denial, and specifically denied that Jamison was his agent, and further

alleged that plaintiff purchased only an option on government Indian land, and bought it from Jamison, and that defendant had formerly sold the option on said land to Jamison. He also alleged that, when the deposit made by plaintiff for the land was returned from the Interior Department, he offered to return and tendered to the plaintiff the sum of $57.50, and tenders the same into court, subject to the disposal of plaintiff. Defendant also objects to the jurisdiction of the court on the ground that the case involves the title to real estate. The answer was verified.

On these issues the case was tried to a jury, and verdict returned in favor of plaintiff for $57.50, and judgment rendered thereon, except that all costs accruing after answer was filed were taxed to the plaintiff. Motion for new trial was overruled, and exceptions saved. Plaintiff brings error.

Counsel for plaintiff state in their brief that the principal grounds of complaint upon . which plaintiff bases his appeal are as follows:

"(1) The court permitted the defendant to offer hearsay evidence in support of his defense. To prove his allegation that said Jamison owned the option, and that Jamison sold the same to the plaintiff, the court permitted the defendant, over objections of plaintiff, to testify to a long conversation between the defendant and Jamison, whereby the defendant claimed to have sold the option on said land to Jamison, and all this conversation was in the absence of the plaintiff.

"(2) The instructions of the court were unfair to plaintiff."

As to the first assignment the plaintiff contends that the conversation between defendant and Jamison in

reference to the sale and transfer of the option on the land from defendant to Jamison was hearsay, and therefore incompetent. It will be remembered that defendant alleges in his answer that he was not the owner of the land or the option thereon; that he had formerly owned an option on the land, but had sold it to Jamison; that Jamison was not his agent, was not acting for him, but was acting for himself, as the owner of the option. That is certainly a good defense, if true. If, as a matter of fact, the defendant had been the owner of an option to buy this Indian land, and had sold it to Jamison, and Jamison was, in fact, acting for himself, and not the defendant, in the sale of the option to plaintiff, it would be competent and proper to prove the transfer, and thereby the ownership. That would be a substantive defense. The evidence to support it would not be collateral, but a direct attack upon one of the principal contentions of the plaintiff, and the proof of that fact would probably be disastrous to and defeat the plaintiff's recovery. Of course, this conversation took place in the absence of the plaintiff, and would apparently violate that rule as to the admission of conversations held in the absence of the party affected; but this rule, like all others, has its exceptions, and this is one of them. As said before, the defense was substantial, and proof thereof proper. The fact that it was oral is not controlling. It is not a question of competency, so far as the kind of evidence goes. If the transfer of the option had been a deed or other written instrument, most likely no objection to its introduction would have been raised; but, say counsel, it was oral, and in the absence of the plaintiff. What of it? It was competent evidence of a substantial defense. The evidence was competent, and the court

committed no error in its admission. Nor is the ruling in any way violative of the statute of frauds. The action does not involve the title to real estate. The evidence shows that plaintiff had purchased whatever rights his vendor had by reason of certain bids on this government land. They call it an option. He knew he was not buying the land, but only such rights, whatever they were, that his vendor possessed—nothing more. He knew that his right to purchase was subject to the approval of the Interior Department. The plaintiff's testimony in that behalf is as follows:

"Q. Now, Jim, what was you to have for that money was their right to the bids on this Indian land, wasn't it; you were to have their right bid there? A. Well, I don't know just how to answer that question. Q. Well, I say you bought their right in this Indian land? A. I' supposed I was getting this Indian land when I paid my money. Q. You knew it had to go to the Indian Department? A. I knew it had to be sent there to get a deed. Q. You knew the deed might be approved or rejected? A. Why, certainly. Q. That was explained to you by them all, Mr. Hansen and these parties, and you was paying to get their right to it, and willing to pay it? A. Yes, sir. Q. All you was getting—you were getting the benefit of what had been done in procuring that title; that was what you were buying, wasn't it? A. That was all I got. Q. That was. what you were buying, wasn't it? A. I was supposed to. be buying the land. Q. Did these fellows guarantee you any title, Adams and Jamison? A. They said it would be all right. Q. Provided they approved it? A. Yes. Q. If they didn't approve it, what was you to get? A. I was to get what — Q. You was to get nothing; they didn't agree to give you anything if they didn't approve it, did they? A. No; I don't know as they did. Q. Nobody agreed to give you anything if they did not approve these deeds; you put up your money with the knowledge that

these bids were pending before the department for approval; is that correct? A. Yes. Q. Now, you got all you paid for, didn't you? A. No; I have not. Q. What is lacking; tell us what is lacking? A. I haven't got my deeds yet. Q. They were not approved. A. Well, he got his money back, didn't he? Q. You got your money back that you put up, didn't you? A. That was all I did get back. Q. Did he guarantee you that these deeds would be approved? A. Well, no; I don't know as he guaranteed. He said they would be approved by the Interior is all. Q. You investigated; you went and talked to Mr. Hansen, went and talked to the agency? Did you talk to anybody else about buying this Indian land? A. Yes; I talked to several. They didn't seem to know much about it. Q. You made as thorough an investigation as you could? A. Yes, sir. Q. Have you bought Indian land up there? A. No. Q. Bought any since? A. No. Q. Now, Jim, you took chances and lost. A. I lost. Q. You wanted to be a sport and lost, and you want your money back? A. Yes, sir."

These are the admissions of the plaintiff, and are conclusive.

This brings us to the second contention, that "the instructions of the court were unfair to the plaintiff." The first complaint is as to the third instruction, which tells the jury that: (1) The burden is on the plaintiff to establish the agency of Jamison at the time he paid him the money; (2) that he paid the money to Jamison for the use and benefit of defendant; and (3) that Jamison acted within the apparent scope of his authority in receiving the money for defendant.

Plaintiff's principal objection to this instruction is that it is given on the theory that the money was paid to Jamison as the agent of defendant, when, as a matter of fact, the defendant testified that he had received the

money from plaintiff in person. This action was brought to recover the money from defendant, on the theory that the money had been paid to him through his agent, Jamison. The burden of proof would necessarily be on the plaintiff to prove that fact, and the court properly so instructed the jury, but, if the defendant admits that the money was paid to him, how could the instruction mislead the jury, or prejudice the plaintiff? The rule of this court on that subject is laid down in *Redus v. Mattison,* 30 Okla. 720, 121 Pac. 253, as follows:

"An inaccurate instruction which could not have misled the jury is not ground for reversal."

And in *Roberts v. Wilkins,* 40 Okla. 138, 137 Pac. 111, this court says:

"Where it appears that, although an instruction is erroneous, the jury was not misled thereby, the judgment will not be disturbed."

We cannot say that this instruction was prejudicial to the plaintiff.

The plaintiff further contends that instruction No. 5 was erroneous and prejudicial to his rights. That instruction is as follows:

"(5) If you find from the evidence that the $125 in question was paid by plaintiff to the defendant with the mutual understanding that the defendant should retain therefrom $65 as the amount being due him from Jamison as balance of the price to be paid for a tract sold to Jamison by defendant and bought by plaintiff from Jamison, and that defendant was to pay the balance to Jamison, and that $57.50 of this sum represented a deposit made with the agency by plaintiff at the time of the acceptance of his bid for said tract, and was afterwards returned to defendant by the agency and is the amount

tendered by defendant at the trial of this case, then your verdict should be for the plaintiff in that amount."

Plaintiff contends that this instruction is erroneous in two particulars:

"(a) It is based upon the hearsay evidence of Jamison"; and (b) "it tells the jury that the defendant tendered $57.50 at the trial of the the case."

To these objections it is only necessary to say. that the first was disposed of herein against the contentions of plaintiff, upon the question of the admissibility of the evidence referred to; and, as to the second, we call attention to the fact that defendant makes the tender in open court, as shown by his answer. The rule in regard to the giving and effect of instructions is well stated in a recent case in this court, *Big Jack Mining Company v. Parkinson,* 41 Okla. 125, 137 Pac. 678, as follows:

"Whether, in a given case, there should be a reversal for error in giving an instruction depends quite as much upon the evidence before the jury to which the instruction might be applied as upon the abstract accuracy of the language of the instruction, and, so, if it is apparent that the language of the instruction, though inaccurate, yet, when applied to the evidence before the jury, it could not have misled the jury to believe their duty was different from what it actually was, the inaccuracy can afford no reason for reversal."

This case was tried to a jury, the verdict approved by the court, and from a careful examination of the record we are of opinion that no prejudicial error was committed; and that the verdict of the jury is fully sustained by the evidence.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.