WALLACE v. BLASINGAME.

No. 6813.     Opinion Filed March 7, 1916.

(155 Pac. 1143.)

1. **PLEADING—Ruling on Demurrer—Waiver.** Where a demurrer is sustained to a pleading and leave to amend is granted and the pleader thereafter amends, he thereby waives the error, if any, committed by the court in sustaining the demurrer.

2. **APPEAL AND ERROR—Theory of Case—Instructions.** Where the parties try a case upon a certain theory and the instructions correctly submit that theory to the jury, error cannot be predicated upon the giving of such instructions.

(Syllabus by the Court.)

*Error from County Court, Jackson County;*
*J. M. Williams, Judge.*

Action by James A. Wallace against W. A. Blasingame. Judgment for plaintiff for less than claimed, and he brings error. Affirmed.

*Frank Eagin,* for plaintiff in error.

*M. L. Hankins,* for defendant in error.

HARDY, J. Action for damages for trespass upon real property. Demurrer was sustained to the second

and third paragraphs of plaintiff's petition, and leave
granted to amend, and the petition afterwards amended.
Defendant filed answer, tendering $25 in full settlement
of plaintiff's damages, and at the trial tendered the amount
into court, which was refused. The jury returned a ver-
dict for the defendant, and the court rendered judgment
in favor of plaintiff in the sum of $25.

Plaintiff in error complains of the action of the court
in sustaining the demurrer. If any error was committed,
same has been waived by plaintiff taking leave to amend
his petition, and afterwards amending same. In order
for a party to avail himself of any error committed by
the court ruling upon a demurrer, he must stand upon
his pleading and refuse to amend. *Johnson v. Myers et
al.*, 32 Okla. 421, 122 Pac. 713; *Pattee Plow Co. v. Beard*,
27 Okla. 239, 110 Pac. 752, Ann. Cas. 1912B, 704.

Complaint is made of paragraph 2 of the charge to
the jury, which is said to be in conflict with section 5301,
Rev. Laws 1910, regulating offers to confess judgment.
In this paragraph the court informed the jury that de-
fendant had tendered the sum of $25 into court, in full
settlement of the damages claimed by plaintiff, and that,
if they should find by a preponderance of the evidence the
reasonable rental value of the land during the time it was
withheld by defendant was the sum of $25, they should
find for defendant, unless they should further find that
plaintiff had been damaged by the acts of defendant while
holding possession of said land. No objections were made
to the answer on this account, nor was any objection made
to the offer at the time; but the case seems to have been
tried upon the theory, both by the court and counsel for
the respective parties, that the tender was proper. In

fact, no question was raised concerning the tender until motion for new trial was filed. This being true, we cannot say that this was error. *Turner et al. v. Moore,* 34 Okla. 1, 127 Pac. 487; *McCants v. Thompson,* 27 Okla. 706, 115 Pac. 600. In the case of *Teague v. Adams,* 52 Okla. 107, 152 Pac. 826, it was held not error for the defendant in his answer to make a tender of the amount which he admitted owing to plaintiff, and also to tender said amount into court at the time of the trial.

Error is also urged in paragraph 2 of the instructions, because the court instructed the jury that the measure of damages was the reasonable rental value of the land during the time it was withheld by defendant, and it is claimed that the true rule is "the value of the use of the property as fixed by statute." If it be conceded that there is a material difference in the meaning of the two terms, the court committed no error, because plaintiff alleged in his amended petition that the amount claimed by him was the reasonable rental value of said premises during said period, and in his statement to the jury asked a verdict at their hands for the reasonable rental value of said premises. Having tried his case upon this theory, he cannot complain of the instructions because couched in the same language used by counsel in his pleadings and statement to the jury. *Gergens v. McCollum,* 27 Okla. 155, 111 Pac. 208; *Rhome Mill Co. v. Bank,* 40 Okla. 131, 136 Pac. 1095; *Horne v. Okla. State Bank,* 42 Okla. 37, 139 Pac. 992; *Herbert v. Wagg et al.,* 27 Okla. 674, 117 Pac. 209.

Error is urged in paragraph 3 of the instructions, because the court instructed the jury that the measure of damages was the fair rental value of the premises during

the time of their unlawful detention, "no other wrong or damage having been committed during said time," and it is said, in this connection, that the court by the language quoted informed the jury that no other wrong or damage had in fact been committed, except the wrongful occupation of the premises. This objection is not well taken. In paragraph 4 the court expressly instructed the jury that, in addition to the rental value of the land in controversy, they might find for plaintiff in a sum equal to the value of a certain fence claimed to have been removed by defendant, should they find defendant wrongfully removed same; the value thereof to be ascertained by the jury from the evidence. This was the only other item of damage in controversy at the trial. The language of the instruction complained of is taken from the case of *Gergens v. McCollum, supra,* and it is in almost the precise language used by Justice Hayes in the opinion therein.

The instructions having correctly submitted the case upon the theory upon which it was tried, and no special instructions having been requested, there was no error in the instructions as given.

The judgment is affirmed.

All the Justices concur.