## NEWELL v. MUSGROVE et al.

No. 17715.   Opinion Filed Feb. 14, 1928.

(Syllabus.)

**1. Trial—Direction of Verdict—When Proper.**

Paragraph 4 of the syllabus in Alva Roller Mills v. Simmons, 74 Okla. 314, 185 Pac. 76, is hereby adopted as paragraph 1 of the syllabus in this case.

**2. Appeal and Error—Verdict Reasonably Supported by Evidence not Disturbed.**

In a law action, where issues of fact are submitted to the jury under proper instructions and verdict returned, a judgment based thereon will not be disturbed where there is evidence in the record which reasonably tends to support the verdict of the jury. Keaton v. Taylor, 114 Okla. 167, 245 Pac. 56.

**3. Trial—Instructions to Be Considered in Entirety.**

The instructions of the court should be considered as a whole and in their entirety, and no particular paragraph thereof should be singled out and given an interpretation which some other paragraph clearly shows was not intended to be placed upon it. Oklahoma Union Ry. Co. v. Hainey, 96 Okla. 217, 222 Pac. 243.

**4. Same—Automobiles—Negligent Operation—Damages from Colliding Cars.**

Record examined, and held, that the jury could not have been misled in determining liability of defendant, because of an instruction lacking in clarity, when considered with the instructions as a whole.

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County: Wm. H. Zwick, Judge.

Action by T. L. Musgrove against Rose Newell and R. S. Colton for damages. Judgment for plaintiff, and defendant Rose Newell appeals. Affirmed.

Fred A. Waggoner and Embry, Johnson & Tolbert, for plaintiff in error.

Ross & Thurman and John F. Butler, for defendant in error T. L. Musgrove.

TEEHEE, C.   On September 9, 1925, T. L. Musgrove, plaintiff, sued R. S. Colton and Rose Newell, defendants, for damages. He alleged, in substance, that on August 7, 1925, through the negligent operation of their automobiles in approaching an intersection of two certain public highways, the defendant Newell's car collided with the defendant Colton's car in the intersection with such force that the impact caused the defendant Colton's car to strike him with such violence as to inflict serious and permanent injuries upon his body; that such injuries consisted of "an extensive open comminuted fracture of the tibia and fibula of the left leg, and severe bruises and contusions to several parts of his body," from which he "suffered excruciating physical pain and mental anguish," by reason of which injuries he was compelled to incur and make certain professional expenditures and suffer loss of income from his employment; that such injuries were inflicted on him on the premises of his home and place of business without contributory negligence on his part, and that the same are permanent; that the negligent driving of the defendants was without the exercise of ordinary care and in disregard of the safety and protection of plaintiff, causing infliction upon him of the injuries aforesaid, by reason whereof he was damaged in the sum of $10,000, for which amount he prayed judgment against the defendants.

The defendants by separate answer denied plaintiff's allegations, with a further answer by the defendant Colton of negligence on the part of the defendant Newell as the cause of the injuries with noncontribution on his part, by reason of which he prayed discharge from plaintiff's cause of action and judgment over against his codefendant for damages to his automobile. New matter in Colton's answer was denied by the plaintiff.

There was a jury verdict and judgment thereon against the defendants awarding damage to plaintiff in the sum of $4,000. The defendant Newell alone has appealed to this court, and, as further reference to the defendant Colton as a litigant in this court is not required, the parties litigant here will be further referred to as they appeared in the trial court.

Of the judgment, defendant complains on three grounds, namely:

"(1)   The insufficiency of the evidence.

"(2)   The court erred in the 20th instruction given the jury.

"(3)   The court erred in giving the 15th instruction."

In the order of their statement, these grounds will be considered.

The first ground of complaint is based, first, on the refusal of the trial court to sustain defendant's motion for an instructed verdict in her favor, and second, that the evidence is insufficient to sustain the verdict and judgment rendered. The first contention hereunder requires a brief notice of the salient points of the evidence, in which there was a sharp conflict as to the manner of

the collision. Summarized, plaintiff's evidence was to the effect that about 9 o'clock in the morning plaintiff was on the outside of his place of business, located about 30 feet from the northeast corner of the intersecting highways, seated on a box reading a newspaper with his brother by him. Without warning, a collision occurred slightly northeast of the center of the intersection between Colton's car, going east, and Miss Newell's car, going north. The Newell car struck Colton's car on the right center, swerving and driving Colton's car directly toward plaintiff, which he vainly sought to escape, the car striking him with the results as alleged. In this the physical facts harmonized with the oral evidence.

Defendant Colton's evidence was to the effect that he was driving east on the highway at about 15 miles per hour. He first noticed the Newell car driving north on the intersecting highway when he was about 60 feet from the intersection, with the Newell car then about 200 feet from the intersection, and that he entered the intersection first and was struck when he was more than half thereacross. He thought he had time to clear the intersection, as there was a stop line at the approach of the intersecting highway. Seeing the Newell car bearing down on him, he sought to avoid the collision by pulling over to the north side and turning slightly northeastward and putting on the brakes. His car was struck with such force that he was unable to avoid striking plaintiff.

Defendant Newell's evidence was to the effect that at about the time she entered the intersection, driving about 15 miles per hour, and on the right of the center of the highway, she first saw Colton's car driving east about 100 feet from the intersection; that at that time she signaled that she would turn west on the highway at the intersection; that she had the right of way and first entered the intersection with ample space for Colton to pass behind her had Colton kept to the south side of the highway; and that there was no stop line at the approach to the intersection.

In the details respecting these salient points of the evidence as to the manner of the collision, the one defendant sought to shift the responsibility or negligence to the other.

It is a uniform rule in this jurisdiction that:

"When a motion is made at the close of the evidence by the defendant for a directed verdict, it presents to the trial court the question whether, admitting the truth of the evidence, which has been given in favor of the plaintiff, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith. Where the evidence is conflicting, and the court is asked to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration, and totally disregarded, leaving for consideration that evidence which is favorable to the party against whom the motion is leveled. If, upon such consideration, there appears to be sufficient evidence to support a verdict for the plaintiff, it is not error to overrule the motion to direct a verdict for the defendant." Alva Roller Mills v. Simmons, 74 Okla. 314, 185 Pac. 76; Solts v. Southwestern Cotton Oil Company, 28 Okla. 706, 115 Pac. 776; Cooper v. Flesner, 24 Okla. 47, 103 Pac. 1016, 20 Ann. Cas. 29, 23 L. R. A. (N. S.) 1180; Harris v. Missouri, K. & T. Ry. Co., 24 Okla. 341, 103 Pac. 758, 24 L. R. A. (N. S.) 858.

It is also the rule that:

"It is only when the evidence, with all the inferences that the jury can reasonably draw therefrom, is insufficient to support a verdict, that the court is authorized to direct a verdict for the defendant." Oklahoma Union Railway Co. v. Hainey, 96 Okla. 217, 222 Pac. 243; Keaton v. Taylor, 114 Okla. 167, 245 Pac. 56.

Guided by the foregoing rules, therefore, it is plain that the court did not err in overruling defendant Newell's motion for a directed verdict.

Under the second contention hereunder, it is evident from the foregoing summary of the evidence that there is sufficient evidence in the record that reasonably tends to support the verdict of the jury.

"In a law action, where issues of fact are submitted to the jury under proper instructions and verdict returned, a judgment based thereon will not be disturbed where there is evidence in the record which reasonably tends to support the verdict of the jury." Keaton v. Taylor, supra; Lorillard Co. v. Stevens, 106 Okla. 35, 233 Pac. 188; New v. Hughes, 80 Okla. 129, 194 Pac. 1071.

The judgment complained of, therefore, cannot be disturbed, unless the other grounds arising upon the challenged instructions of the court are tenable.

The next ground is a challenge of the 20th instruction of the court to the jury. This is as follows:

"If you believe from the evidence that the car of the defendant Colton entered the intersection of 23rd street and Eastern ave-

nue first, and before the car of the defendant Newell, then the Colton car, having first entered the intersection, had the right of way over the other car, regardless of the direction which either car was traveling."

Defendant contends that this was prejudicial error: First. that it gave priority to the defendant Colton, contrary to the controlling statute on the use of highways; and second, that the evidence shows that Colton was driving diagonally across the intersection and to the north side of the center of the highway where, under the statute, he had no right at the time of the collision.

The statute referred to, being section 10164, C. O. S. 1921, provides certain rules of the road, of which those here partly or wholly relevant are as follows:

"Rule 1. Vehicles in meeting each other shall keep to the right of the center of the road. * * *

"Rule 4. All vehicles turning to the left into another road shall pass beyond the center of the intersecting road before turning. * * *

"Rule 7. At intersecting roads or streets, vehicles approaching from the right shall have right of way over those approaching from the left. * * *"

There is evidence in the record that Colton was driving to the right of the center of the highway; that he first entered the intersection, and when about two-thirds across, he saw defendant Newell bearing down upon him, and in an attempt to avoid the collision swerved his car across the center of the highway a few feet. In this state of the evidence, under Enterline v. Smith, 105 Okla. 200, 231 Pac. 1046, the instruction was a correct statement of the law, as in that case substantially the same instruction, under a similar state of facts, was so held.

Defendant finally contends that the 15th instruction was likewise prejudicial. This reads as follows:

"You are further instructed that if you find that plaintiff has established by a preponderance of the evidence that on the 7th day of August, 1925, he was then and there exercising ordinary care and caution for his own safety and that the said defendant Rose Newell was then and there failing to exercise a reasonable degree of care and caution in the operation of her automobile at or near the intersection Eastern Ave. and 23rd Street, and that the said defendant R. S. Colton failed to exercise a reasonable degree of care and caution in the operation of his automobile as it approached the intersection of said street, and by reason of the want of ordinary care and caution on the part of the said Rose Newell, and the said R. S. Colton, or either one of said named defendants, that their respective automobiles collided with each other at the intersection of said streets causing the automobile of the defendant Colton to run at and against the plaintiff, and that the want of ordinary care and caution in the operation of the automobile of said Rose Newell and R. S. Colton or either one of said named defendants was the direct and proximate cause of the accident and the resulting injury to the plaintiff, then, and in that event, the plaintiff is entitled to an affirmative judgment as against said defendants or defendant; and in determining the measure of the damages recoverable by him, if any, you may take into consideration such sums of money expended for ambulance service, hospital charges. medical services, reasonably necessary in the treatment of his injuries or which from the evidence may reasonably appear to be necessary for future treatment, the loss of time, if any, from his regular occupation or employment, and the loss of time, if any, may reasonably be expected in the future, the pain and suffering, if any, he has endured in the past or may endure in the future by reason of said injuries, whether said injuries are temporary or permanent in their character, and then give him such recovery as will reasonably compensate him for the detriment suffered when measured by this instruction."

Defendant challenges this instruction on the ground that it in effect charged the jury that she was liable regardless of whether or not her negligence was part of the proximate cause or contributed to the injury, and that this was not cured by any other instruction given, and thereby the jury were misled. There were other instructions which charged the jury that if they found from the evidence that the defendant Newell was not guilty of negligence, their verdict must be for the defendant Newell, with like other instructions as to the defendant Colton, and that the jury must not single out one instruction to the exclusion of the others, but must construe them all together. It may be that, standing alone, this instruction was not sufficiently clear and definite in the phases pointed out by defendant, but in view of the other companion instructions referred to, which it may be said were in amplification thereof, the deficiency in the particulars urged by defendant, if it was so affected, was thereby fully supplied. In Oklahoma Union Railway Co. v. Hainey, supra, it is said:

"The instructions of the court should be considered as a whole and in their entirety. and no particular paragraph thereof should by singled out and given an interpretation

which some other paragraph clearly shows was not intended to be placed upon it."

The challenged instruction being thus considered with the instructions as a whole, and from a careful consideration of the entire record, we are of the opinion that it could not have misled the jury to believe their duty was different from what it actually was under the instructions in their entirety in determining the liability of the defendant. Big Jack Mining Co. v. Parkinson, 41 Okla. 125, 137 Pac. 678; Teague v. Adams, 52 Okla. 107, 152 Pac. 826; Carver Chiropractic College v. Armstrong, 103 Okla. 123, 229 Pac. 641.

Accordingly, for the foregoing reasons, the judgment of the district court is affirmed.

BENNETT, REID, LEACH. and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) 4 C. J. p. 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (3) 38 Cyc. p. 1778; 14 R. C. L. p. 770-772; 3 R. C. L. Supp. p. 280; 4 R. C. L. Supp. p. 918; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. p. 830. (4) 4 C. J. p. 1032. §3014.