## HASSELL v. MORGAN *et al.*

No. 651. Opinion Filed November 16, 1910.

**APPEAL AND ERROR—Review—Insufficiency of Evidence.** Where, on inspection of the record, it is apparent that the evidence does not reasonably sustain the verdict of the jury, the verdict will be set aside by this court.

(Syllabus by the Court.)

*Error from Greer County Court; Jarret Todd, Judge.*

Action by G. W. Morgan against Sam Hassell and B. F. Douglass. Judgment for plaintiff, and defendant Hassell brings error. Reversed and remanded.

*C. C. Wells, C. G. Hornor,* and *J. D. Chappelle,* for plaintiff in error.

HAYES, J. This action was originally brought in a justice of the peace court of Greer county by defendant in error, G. W. Morgan, against the firm of Douglas & Hassell, composed of plaintiff in error, Sam Hassell, and defendant in error, B. F. Douglas, to recover $100 as damages for the negligent destruction of a moving picture film. From a judgment in favor of Morgan in that court, an appeal was taken to the county court, where the cause was re-tried; and, from a judgment in favor of Morgan against both of the defendants, plaintiff in error has appealed and has

made his co-defendant, Douglas, who does not join in the appeal, a party defendant in error.

One of the grounds urged for reversal is that the verdict of the jury was contrary to the evidence. We have been favored with no brief on behalf of defendants in error. In the absence of any brief by defendant in error, under the rule announced and followed by numerous cases heretofore decided by this court, we would be authorized, if upon examination of plaintiff in error's brief it is found that it reasonably sustains the errors assigned, to reverse the cause without searching the record to find some theory upon which the judgment below may be sustained, (*Nettograph Machine Co. v. Brown et al.,* 19 Okla. 77; *Reeves & Co. v. Brennan,* 25 Okla. 514, 106 Pac. 959; *Buckner v. Oklahoma Nat. Bank of Shawnee et al.,* 25 Okla. 472, 106 Pac. 959; *Ellis et al. v. Outlet et al.,* 25 Okla. 469, 106 Pac. 957; *Butler et al. v. McSpadden,* 25 Okla. 465, 107 Pac. 170; *Butler v. Stinson,* 26 Okla. 216, 108 Pac. 1103) ; but we do not place the reversal of this case upon that ground alone. We have carefully examined all the evidence in the record and fail to find any evidence which reasonably tends to establish that plaintiff in error was ever at any time a member of the alleged firm of Douglas & Hassell, or that he had any interest in the business in which Douglas was engaged at the time the picture film was destroyed, for recovery of which this action is prosecuted; and there is no evidence reasonably tending to establish that either Douglas or Hassell ever held Hassell out as a member of such alleged partnership, nor that representation to that effect was made by any one else. The only grounds upon which plaintiff in error could be held liable for the destruction of the picture film are that he either was a partner with his co-defendant Douglas in the business at the time the film was destroyed or had some interest in such business, or that he had held himself out or suffered himself to be held out as a partner in said business. There is entire absence of any evidence reasonably tending to establish any of these facts, and there is an abundance of positive evidence to the contrary. When the evidence upon which .

the verdict of the jury is returned is conflicting, the appellate courts will not set the verdict aside; but when the evidence as a whole does not reasonably sustain the verdict, the verdict will not be permitted to stand. *Ranney-Alton Co. v. Hanes et al.*, 8 Okla. 471; *Puls v. Casey*, 18 Okla. 142.

The cause is reversed and remanded.

All the Justices concur.