## STATE v. LONEWOLF.

No. 6842—Opinion Filed March 6, 1917.

(163 Pac. 532.)

(Syllabus by the Court.)

**1. Appeal and Error — Review—Verdict— Evidence.**

Where there is no evidence reasonably tending to support a verdict, the Supreme Court will, when the sufficiency of the evidence is properly challenged, set the verdict aside.

**2. Bills and Notes—Chattel Mortgages— Payment—Note for Balance.**

A note executed for a balance due upon a previous debt or demand is not a payment or extinguishment of the original demand, nor of a chattel mortgage given to secure same, and will not bar an action of replevin for possession of the property described in said mortgage after the maturity of said note.

Error from County Court, Caddo County; C. Ross Hume, Judge.

Action by the State of Oklahoma against Delos K. Lonewolf. Judgment for defendant, and the State brings error. Reversed, and cause remanded.

S. P. Freeling, Atty. Gen., and J. I. Howard, Asst. Atty. Gen., for the State.

Bristow & McFadyen, for defendant in error.

HARDY, J. The state, as plaintiff, brought this action in the county court of Caddo county, against Delos K. Lonewolf, as defendant, to recover possession of certain property, in which it claimed a special ownership by virtue of a certain chattel mortgage executed by defendant, to the Anadarko State Bank, for the purpose of securing an indebtedness represented by two certain promissory notes which are set out in plaintiff's petition. Writ of replevin was issued, and by agreement of the parties certain mules, taken into possession thereunder, were sold with the agreement that if plaintiff should recover in the action, the amount received therefrom should be applied to the payment of plaintiff's judgment, but in the event the issues were found in favor of the defendant, said sum was to be paid to him. Defendant answered, pleading payment, and trial resulted in a verdict in favor of defendant in the sum of $243, being the amount received from the sale of said property, and judgment was rendered in accordance therewith and the state brings the case here.

The following facts are undisputed: That said notes were executed by defendant, and were among the assets of the bank at the time possession thereof was taken by the bank commissioner; that the dealings between defendant and the bank extended over a period of some years, during which defendant became indebted to the bank in a total sum of $1,446.24, which was represented by various promissory notes, including the two described in plaintiff's petition, and secured by the mortgage upon which this action was based, and by other charges made by the bank against defendant which are not questioned. Payments were made by defendant in cash upon his various obligations, amounting to $1,141.24. Thus far there is no dispute, but defendant contends that he has more than paid the balance due upon said notes in cash. His testimony, however, in this regard is vague and indefinite, and it is not such as would reasonably support a finding that said notes had been paid in money. He gives no payments other than those accounted for, and the records of the bank show that all the payments claimed by him have been properly credited upon obligations owing by him to the bank, and where it is apparent that there is no evidence which would reasonably sustain a verdict, the Supreme Court will set the verdict aside. Gergens v. McCollum, 27 Okla. 155, 111 Pac. 208; Hassell v. Morgan et al., 27 Okla. 453, 112 Pac. 969; Conwill v. Eldridge, 35 Okla. 537, 130 Pac. 912; Gaar-Scott Co. v. Rogers, 46 Okla. 67, 148 Pac. 161.

If in fact payment was made in money, this is a matter capable of satisfactory proof, and should not be left to conjecture. Neither should a verdict, arrived at as a result of guesswork, be permitted to stand. Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 Pac. 35; K. C. S. R. Co. v. Henderson, 54 Okla. 320, 153 Pac. 872.

Defendant testified that one of the notes originally given for $625 was partly paid in money and the balance covered by new note in the sum of $235; that upon the other note, which was originally for the sum of $370, $300 had been paid in money, leaving a balance of $70 due and unpaid, for which a note in that amount had been given. The records of the bank fail to show any such transaction, but, admitting that defendant executed said notes as claimed by him, it is a general rule that, in the absence of an express agreement between the parties, a note executed for a balance due upon a previous note or indebtedness is not a payment or extinguishment of the original demand. 30 Cyc. 1194; Brown v. Wilson, 58 Okla. 392, 160 Pac. 94; 3 Randolph, Com. Paper, sec. 1571; 7 Cent. Dig. Title Bills & Notes, sec. 1251; 3 Dec. Dig. Title Bills and Notes, sec. 430.

Defendant does not claim that there was an agreement by which the renewal notes were to be received in satisfaction and extinguishment of the original debt and the mortgage securing same; and taking his evidence in the strongest light, it could only be held to establish the fact that said notes operated as a renewal or extension of time for payment of the balance of the original debt, and would constitute no defense to the plaintiff's cause of action, as it is not shown that the renewal notes were not themselves due at the time the plaintiff's action was commenced. 2 Daniel's Neg. Inst., secs. 1272-1275.

The judgment is therefore reversed and the cause remanded.

All the Justices concur.