## McKINNEY et al. v. BIGGS.

No. 12034—Opinion Filed Sept. 25, 1923.

Rehearing Denied Jan. 15, 1924.

(Syllabus.)

1. **Brokers—When Entitled to Commission.**
The rule is well established a real estate broker is entitled to a commission when he furnishes a purchaser ready, willing, and able to buy upon the terms and conditions proposed by the seller to the broker; but where the evidence of a broker fails to establish such facts, his action to recover a commission is not sustained.

2. **Appeal and Error—Review—Sufficiency of Evidence.**
Where there is no evidence reasonably tending to establish a material issue submitted to the jury under the instructions of the court, which the jury must have found in favor of the prevailing party in order to have returned the verdict returned, the verdict will be set aside.

3. **Brokers—Who Entitled to Commission When Property Listed With Two.**
When property has been listed for sale with different real estate agents, the agent who induces the seller and purchaser to enter into the contract is entitled to the commission, although another agent may have first brought the parties together.

4. **Same—Judgment for Broker—Reversal.**
Record examined, and held, that the trial court committed reversible error in submitting the case to the jury, and that the judgment entered on the verdict be set aside.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by W. S. Biggs, against Carrie McKinney and Ella Richardson, to recover brokerage commission for the sale of real estate. Judgment for the plaintiff, and defendants bring error. Reversed and remanded with directions.

W. W. Noffsinger, A. L. Harris, Ezra Brainerd, Jr., and Charles P. Gotwals, for plaintiffs in error.

Eck E. Brook (Brook & Brook, of counsel), for defendant in error.

KENNAMER, J. W. S. Biggs, plaintiff, instituted this action in the superior court of Muskogee county against Carrie McKinney and Ella Richardson, defendants, to recover $333.75 commission alleged to be due the plaintiff for services rendered in selling a house and lot owned by the defendants and located in the city of Muskogee. On the trial of the cause, on the 18th day of October, 1920, the jury returned a verdict in favor of the plaintiff, and judgment was entered by the court thereon, motion for new trial overruled, and this appeal is prosecuted by the defendants to reverse the judgment.

The only errors presented for our consideration are: The trial court erred in overruling the demurrer filed to the plaintiff's evidence, and the refusal to give the peremptory instruction requested by the defendants at the close of all of the evidence.

Upon a careful consideration of the record, we are of the opinion that the judgment must be reversed.

Counsel for the defendant in error, plaintiff in the trial court, state in their brief their contention as follows:

"We contend that where a real estate broker furnishes a purchaser ready, willing, and able to buy upon the terms and conditions proposed by the seller, such agent has earned his commission, and if thereafter the seller refuses to comply with the contract the agent is not required thereafter to do more to earn his commission."

We readily concur with counsel in the contention as above stated, but we are unable, upon a careful review of the evidence, to find the same sufficient to establish all the material facts entitling the plaintiff to re-

cover.

The evidence of the plaintiff establishes, in substance, the following facts: The defendants listed their property with the plaintiff for sale. He advertised the same for sale and Mrs. Maud G. Anderson asked him to show her the property, which he did. Mrs. Anderson wanted to buy the property, but before purchasing desired that her husband see it. It appears that the plaintiff showed the property to Mrs. Anderson on Monday, and she agreed to call him the following Monday and let him know what she had decided to do about purchasing the property. She failed to call the plaintiff over the telephone, as she had promised to do, and he called her. She told the plaintiff that her husband did not want the property, for the reason there were no furnaces in the house. The plaintiff then did nothing further to consummate a sale of the property.

Subsequently to these negotiations another real estate broker, Mr. Calhoun, showed the property to W. T. Anderson, husband of Maud G. Anderson. Through his efforts the defendants sold the property to W. T. Anderson; the purchase money being paid by Calhoun securing a loan on the property for Anderson of $5,000, and the remainder of the purchase price of $8,350 being paid personally by Mr. Anderson. Thus it is quite clear that there is no evidence in the record tending to establish the fact that Mrs. Maud G. Anderson, the prospective purchaser of the plaintiff, was ever ready, willing, and able to purchase the property at the listed price of $8,350, and none tending to show that she was acting as the agent of her husband, W. T. Anderson, in negotiating to purchase the property. The property of husband or wife under the laws of Oklahoma is separate property, and to hold that Mrs. Anderson was acting for her husband would in effect justify the judgment of the trial court upon mere suspicion or conjecture.

There is no evidence in the record that Mrs. Anderson or the plaintiff ever notified the defendants that she (Mrs. Anderson) was ready to accept the property and pay the purchase price upon the execution and delivery of a deed by the defendants to her. Therefore, without some evidence on the part of the plaintiff establishing the material facts that Mrs. Anderson was willing to accept the property and pay the purchase price, the plaintiff's evidence was insufficient to carry the case to the jury. The rule is well established in this jurisdiction that where there is no evidence reasonably tending to establish a material issue submitted to the jury under the instructions of the court, which the jury must have found in favor of the prevailing party in order to have returned the verdict, such verdict will be set aside. Terry v. Greed, 28 Okla. 857, 115 Pac. 1022; Puls v. Casey, 18 Okla. 142, 92 Pac. 388; Gergens v. McCullum, 27 Okla. 453, 112 Pac. 208; Hassell v. Morgan, 27 Okla. 453, 112 Pac. 969; Howard v. Farrar, 28 Okla. 490, 114 Pac. 695; State v. Lonewolf, 63 Okla. 166, 163 Pac. 532. The plaintiff's evidence wholly fails to establish the fact that he was the procuring cause of the sale of the property being made to W. T. Anderson.

This court, in the case of Nation v. Harness et al., 33 Okla. 630, 126 Pac. 799, in an opinion by Mr. Justice Dunn, held:

"When property has been listed for sale with different real estate agents, the agent who induces the seller and purchaser to enter into the contract is entitled to the commission, although another agent may have first brought the parties together."

This rule is in accord with the great weight of authority. See cases cited in the opinion.

In the case of Coleman v. Moreland et al., 89 Okla. 128, 213 Pac. 843, this court held:

"If the evidence shows that after a tract of land is placed in a broker's hands for sale, the vendor and vendee are brought together in such a manner as to show that the broker's efforts were, in a reasonable degree, effective in consummating the sale, then the broker is entitled to compensation; but if the evidence merely shows that the extent of the broker's acts were to call the attention of the prospective purchaser to the fact that the land was for sale, and thereafter the vendor and prospective purchaser reached an agreement, solely by their own negotiations, then the broker cannot be said to have been the proximate, procuring, and effective cause of the sale and is not entitled to a commission."

It is our conclusion that there is no competent evidence in the record reasonably tending to establish all the necessary, essential facts entitling the plaintiff to recover, and that the judgment of the trial court must be reversed, with directions to enter judgment in favor of the defendants. It is so ordered.

JOHNSON, C. J., and McNEILL, NICHOLSON, COCHRAN, and MASON, JJ., concur.