## MOSES v. HARRIS et al.

No. 15402—Opinion Filed June 23, 1925.

**1. Appeal and Error—Review—Verdict—Sufficiency of Evidence.**

On a challenge to the sufficiency of the evidence to support the verdict, the question presented on appeal is, admitting the truth of all the evidence of the plaintiff, together with such inferences and conclusions as may reasonably be drawn therefrom, eliminating all evidence of defendant in conflict with plaintiff's evidence, and all opposing inferences, whether there is any competent evidence tending to support the verdict against defendant.

**2. Same—Reversal for Lack of Evidence.**

Where there is no competent evidence reasonably tending to support the verdict of the jury, such verdict and the judgment rendered thereon will be set aside on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Tillman County; P. V. Ruch, Judge.

Action by Earl Harris and Alvin Harris against J. J. Moses to recover damages in the sum of $100, being the value of a "granary" alleged to have been leased to defendant, and to be returned in good condition to plaintiffs. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

J. O. Counts, for plaintiff in error.

R. L. Christian and W. D. Scott, for defendants in error.

Opinion by RUTH, C. Plaintiffs' petition alleges three causes of action. The first cause of action is for rental of a granary, nine feet high and twelve feet in diameter, but as this first cause of action was settled or adjusted the cause is before this court on the second and third causes of action wherein it is alleged defendant agreed to return the granary in the same condition as when he received it. That defendant, after hauling the granary to his farm, failed to anchor the same or put "ballast" in it, and the granary was destroyed by a

storm and defendant has not returned it to plaintiffs, and plaintiffs pray damages in the sum of $100.

The cause was tried to a jury and a verdict returned for plaintiffs, and defendant appeals.

It is necessary to consider but one question in this case, viz, Was there any competent testimony reasonably tending to sustain the verdict?

It appears from the testimony that defendant is a farmer and has a son, Finis Moses, who has been conducting the business of farming in his own name, separate and apart from his father.

The testimony of the plaintiff Harris anent the contract was as follows, to wit:

"Q. Tell the court and jury the transaction that took place between you and Mr Moses. A. Well, they were threshing on Mr. Bagwell's place and Finis Moses came down there to see me, about getting a granary. I had promised one to Mr. Wilson, but I let him have the other and he moved the granary to his place, and kept it seven months. Q. Just tell the rest of the transaction. A. I had loaned him the granary before, this time I asked him to pay me $25 if he kept it a month or. * * * Q. How was he going to pay for it? A. He was going to leave it with Mr. Patton at the bank. Q. You say the conversation took place between you and Finis. A. Yes, sir. Q. Was the granary delivered by you to them? A. Yes, sir: Finis went back and got his tractor and hitched it to the tractor and left it until afternoon and his father came and got the granary. His tractor had a starter on it. He took it about three-quarters of a mile east of my house and about three-quarters north. Q. Do you know if he ever used the granary? Now you speak of Finis coming down there when you let him have the granary; did you make any statements to him at that time as to the renting of the granary? A. I made the whole trade with him. Q. Did Finis accept these terms? A. He accepted it just as I offered it to him."

"Cross-Examination.

"Q. You had the whole deal with Finis? A. Yes, sir: the renting deal. Q And you never had any dealings with J. J. Moses at all at this time? A. No, sir. Q. This defendant didn't make the deal of renting it, did he? A. No, sir."

With reference to the farm Finis Moses was working, the following was the testimony of the plaintiff Earl Harris:

"Q. You rented this farm? A. I did. Q. Who paid the rent? A. Finis does. Q. Did he pay it this last year? A. Yes, and the year before, and the one before that."

At the conclusion of plaintiff's testimony,

defendant filed his demurrer, and at the conclusion of all the testimony defendant moved for an instructed verdict.

"On challenge of sufficiency of the evidence to support the verdict, the question presented on appeal, as to each defendant, is, admitting the truth of all the evidence of plaintiff, together with such inferences and conclusions as may reasonably be drawn therefrom, eliminating all evidence of defendants in conflict with plaintiffs, and also opposing inferences whether there is any competent evidence tending to support the verdict against defendant." St. Louis & S. F. Ry. Co. v. Boush, 68 Okla. 301, 174 Pac. 1036.

"Where there is no competent evidence reasonably supporting the verdict of the jury, such verdict and the judgment rendered thereon will be set aside on appeal." McGraw v. Hildebrant, 89 Okla. 140, 214 Pac. 688; Skelly Oil Co. v. Pduitt & McCrory, 94 Okla. 232, 221 Pac. 709; McKinney v. Biggs, 96 Okla. 266, 220 Pac. 459.

In the case under review the record fails to disclose any testimony reasonably tending to support the verdict. The judgment of the trial court should be reversed and the cause remanded, with directions to grant the defendant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 857 §2836. (2) 4 C. J. p. 856, §2835.