## CITY OF PAWHUSKA v. BUTTON.

No. 17080—Opinion Filed Oct. 5, 1926.

Rehearing Denied Jan. 11, 1927.

**1. Appeal and Error—Review—Sufficiency of Evidence in Law Action.**

Where, in a law action, there is any competent evidence reasonably tending to support the verdict of the jury and the judgment of the court rendered thereon, the cause will not be reversed by this court on appeal upon the question of the sufficiency of the evidence, and the court will consider the evidence as a whole, together with all such inferences and conclusions as may be reasonably drawn therefrom.

**2. Municipal Corporations — Change of Grade of Streets—Damages to Abutting Property.**

It was the intention of the Legislature (section 4584, Comp. Stats. 1921) to provide compensation to abutting property owners for damages to their permanent improvements erected in conformity to a grade previously established by a city where there is a subsequent change of the grade so established.

**3. Limitation of Actions—Three-Year Statute—Statutory Liability for Damages From Change of Street Grade.**

No action can be maintained for a liability, created by statute, other than a forfeiture or penalty, unless the same is commenced within three years from the time the cause of action arose. The damage in the instant case was actually inflicted within the three-year period. Held, that the same was not barred by the statutes of limitation.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by F. G. Button against the City of Pawhuska. Judgment for plaintiff, and defendant appeals. Affirmed.

Wilson, Murphey & Duncan, for plaintiff in error.

H. P. White, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Osage county, Okla., on the 16th day of September, 1922, by F. G. Button, defendant in error, plaintiff below, against W. C. Tucker, C. S. McDonald, Frank Beauman, Mike Hays and P. O. Still, Commissioners of the city of Pawhuska, Okla., and ——— Stanton and ——— Amerman, copartners, doing business under the firm name and style of Stanton & Amerman, defendants below. On March 30, 1925, the action was dismissed as to all of the commissioners, the court sustaining their demurrer to the petition, and the defendant in error asked leave to amend his petition by striking the names of certain of the defendants, and making the city of Pawhuska a defendant, which request was granted by the court. On the 15th day of April, 1925, the defendant in error filed an amendment to his petition, making the city of Pawhuska a party defendant. Upon demurrers having been filed to the amended petition, the court sustained the demurrer of the city commissioners, dismissing the action as to them, and overruled the demurrer of the city of Pawhuska, and the cause proceeded to trial between the defendant in error. F. G. Button, and the city of Pawhuska, plaintiff in error. defendant below.

The parties will be referred to as they appeared in the lower court. as F. G. Button, plaintiff, and the city of Pawhuska, defendant.

The parts of the petition necessary to a decision in this case are: That the city commissioners of Pawhuska, on the 5th day of August, 1922, entered into a contract with defendants Stanton & Amerman for paving and guttering Leahy avenue between Eighth and Ninth streets, and the alley running through block 45; that prior to entering into said contract, and prior to the adoption of said resolution, and prior to the resolution of necessity therefor, a grade had been established around block 45 and through the alley through said block, and the plaintiff had the city engineer to run the levels and set grade stakes upon the grade, and, relying upon the established grade, erected brick and other permanent buildings on lots 4, 8, 9, and 10, in block 45, in accordance with said established grade in the year 1919; that, in 1922, thereafter, said alley was paved and the grade raised about 18 inches above the old established grade, and that the concrete floor erected on lot 4 was thereby caused to be several inches lower than the grade as raised, causing the water from the alley to be discharged into his building, thereby resulting in damages as claimed by him in the sum of $2,200.

To the petition of plaintiff the defendant city of Pawhuska answered by way of general denial, and for its further answer alleged that the grade was established for the pavement by the plaintiff on the 10th day of October, 1921; that the pavement was completed shortly prior to January 3, 1922, and all matters set out in the petition of plaintiff were completed and done prior to January 3, 1922; that the action against the defendant was not commenced until April 15, 1925, and that the action was barred by the statute of limitation. For its other and further defense it alleged that there was no grade established prior to the 10th day of October, 1921, and that the grade had, at no time, been changed, and that the pavement in question was actually constructed at the grade by the defendant.

Plaintiff replied by way of general denial. The cause proceeded to trial before the court and jury and resulted in a verdict in favor of the plaintiff, and against the defendant for the sum of $750. Motion for new trial was heard and overruled; exception reserved, and the court pronounced judgment in favor of the plaintiff and against the defendant city in the sum of $750 and costs, from which judgment the city of Pawhuska appeals to this court for review of said judgment.

Several assignments of error are urged by attorneys for defendant, but they content themselves by presenting the argument as follows:

"Point 1. There was no proof that the city of Pawhuska established a grade in the alley in question prior to the time it was paved.

"Point 2. Any claim that plaintiff might have had was barred by the statutes of limitation.

"Point 3. That the court erred in finding that the amount of damages for which plaintiff could recover was the cost of bringing the floor of his building up to the level of the alley."

The evidence in the case shows that block 45, in which the lots and the improvements of plaintiff were located, was bounded on

the north by Ninth street, on the east by Leahy avenue, on the south by Eighth street and on the west by Ki-he-kah avenue; that lots 8, 9, and 10 front west on Ki-he-kah avenue; that lot 4 fronts east on Leahy avenue, and that the rear of said lots is on an alley running north and south from Eighth street to Ninth street through said block; that Ki-he-kah avenue was paved in 1911, and that the permanent buildings of the plaintiff were constructed in 1919; that the building, comprising the White Front Garage, covers lots 8, 9, and 10, and runs back from Ki-he-kah avenue to the alley; that the shop building on lot 4 is built flush with the alley, and the entrance to this shop building is from the alley across from the White Front Garage; that the alley was paved in 1922, three years after the construction of the buildings of the plaintiff; that before the plaintiff improved his property in 1919, he had J. M. Buckley, who was then a city commissioner and also city engineer, to give him the established grade and set the grade stakes for a building as well as for a sewer to be placed in the alley in said block; that the said Buckley brought his surveying instruments and ran the levels and set the grade stakes between Eighth and Ninth streets through said alley, and also the grade stakes for the erection of the building indicating the grade previously established for the paving and draining of Ki-he-kah avenue and the alley in block 45; the plaintiff erected his buildings in accordance with said grade and grade stakes, according to said previously established grade, shown by the stakes of the city engineer; that in 1922, when the alley was paved, the grade was changed from that shown by the city engineer, and the paving was made about ten inches higher than the original grade and six or seven inches higher than the concrete floor in the shop building, and the water discharged from said raised grade flooded the shop located on lot 4; that instead of allowing the water to run through the alley between Eighth and Ninth streets, the grade was raised about the center of the alley, causing the water to flow for about one-half of the block south to Eighth street, and the other half to run north to Ninth street.

The plaintiff bases his right of recovery upon section 4584, Comp. Stats. 1921, which is as follows:

"No change of any grade previously established by the city shall be made without making due compensation to the owners of abutting property for any damage thereby caused to the permanent improvements erected thereon, with reference to the previously established grade: Provided, however, that the failure to make such compensation shall in no wise invalidate the assessments on the property chargeable therewith, as hereinafter provided."

There can be no question, under the evidence, that the city engineer, who was then city commissioner, at the request of plaintiff, ran his level and set stakes in conformity with the grade that must have been theretofore established when Ki-he-kah avenue was paved in 1911, and that the engineer, at that time, set his stakes for the sewer showing the depth that the sewer was to be dug, and showing the top or surface thereof, and that grade stakes were set for the building, and that plaintiff built his buildings and put his concrete floors and improvements in conformity with said grade stakes, raising the floor several inches above the established grade level of the alley, as shown by the engineer, and that when said alley was paved, it was raised several inches higher than the grade shown to the plaintiff by the engineer, and that the water from said alley was discharged into plaintiff's shop, and that the only way of avoiding said discharge into his building was to raise his floor by putting additional cement on top of the present floor to a height above the level of the pavement of the alley at a cost, as estimated by contractors, ranging from $750 to $1,000.

The jury, having heard all the evidence and having viewed the property, under proper orders of court, rendered its verdict in favor of the plaintiff and against the defendant, and assessed his damage at $750.

The universal rule in this court and all other courts, whose decisions we have examined, is that where, in a law action, there is any competent evidence reasonably tending to support the verdict of the jury and the judgment of the court thereon, the cause will not be reversed by this court on appeal upon the question of the sufficiency of the evidence, and the court will consider the evidence as a whole, together with all such inferences and conclusions as may be reasonably drawn therefrom. Moses v. Harris, 111 Okla. 54, 237 Pac. 591.

Unquestionably, when Ki-he-kah avenue, adjoining block 45, was paved, and the main sewer constructed adjacent to block 45, and the engineer gave the grade for the lateral sewer from plaintiff's shop building to this main sewer, the engineer must have been guided by the grade established for this block in 1911. when Ki-he-kah avenue was paved and the sewer was constructed.

The attorneys for defendant, in their brief. correctly state the law that the city is not

liable for damage to property where the public convenience required that a grade be established for the first time, but is liable, under the statute, if permanent improvements are placed by the citizens upon the grade so established and that grade is afterwards changed, as was clearly done in this case. They further cite a long list of authorities that the city engineer had no right to establish a grade, nor did the city commissioners have the right to delegate such authority to its engineer. We agree with this contention, but they are not applicable in this case, for the grade upon which the plaintiff built his improvements was not established by Buckley, but the levels were run by him and the grade stakes set in accordance with the previously established grade. We therefore cannot agree with the first contention of attorneys for defendant.

Upon the second contention, that plaintiff's cause of action is barred by the statute of limitation, we find that, under the evidence and the findings of the jury by its verdict, the paving of this alley that caused this damage was finished on the 15th day of April, 1922; that the defendant city of Pawhuska was made a party on the 15th day of April, 1925, and that the damage to the permanent improvements of plaintiff occurred after said 15th day of April, 1922, and, under section 185, Comp. Stats. 1921, second subdivision, "an action upon a liability created by statute, other than a forfeiture or penalty," must be commenced within three years from the time the cause of action arose, and in the case of Manning v. Shreveport, 119 La. 1044, 44 South. 882, it is said: "* * * And the right to recover for such damage as it may sustain, though inchoate at the moment, becomes perfect when the damage is actually inflicted, and may be exercised by the then owner."

The cause of action for damages to the permanent improvements in this case did not accrue until the paving in the alley was finished and left in a condition to cause the damage complained of. We therefore conclude that the three-year statute bar of limitation had not run against the plaintiff at the time the defendant city of Pawhuska was made a party to this action.

As to the third proposition, we are clearly of the opinion that the measure of damages in this case was the cost of bringing the floor of plaintiff's building up to the level of the alley. The very statute itself, section 4584, Comp. Stats. 1921, supra, provides that the city must make "due compensation to the owners of the abutting property for any damage thereby caused to the permanent improvements erected thereon, with reference to the previously established grade." The damage in this case was clearly the cost of raising the level of the floor of his permanent improvements so that the water will not flow from the alley into his building, which amount, as ascertained by the jury from the evidence, would be at a cost of $750, and this will compensate him for the damage to his permanent improvements. See Adams v. Oklahoma City, 20 Okla. 519, 95 Pac. 975; City of Mangum v. Todd, 42 Okla. 343, 141 Pac. 366; Manning v. Shreveport, supra.

From what we have heretofore said, from the record evidence, the statutes and the authorities cited herein, we are clearly of the opinion that the judgment of the trial court is correct, and it should be and is hereby, in all things, affirmed.

By the Court: It is so ordered.