## WEBB et al. v. WARREN et al.

No. 17906.   Opinion Filed Jan. 17, 1928.

Rehearing Denied Feb. 14, 1928.

(Syllabus.)

Appeal and Error—Review—Inferences from Facts Proven—Verdict Unsupported by Evidence.

Inferences of fact are to be deduced by the jury whenever there is evidence from which an existence of facts sufficient to support a verdict may be inferred. But a verdict which is altogether unsupported by evidence, or against the uncontradicted evidence and every legitimate inference deducible therefrom, will not be upheld.

Error from District Court, Tulsa County; Luther James, Judge.

Action by Charles L. Warren and Nuna Warren against Stalie Webb et al., in which W. A. King intervened. Judgment for plaintiffs and intervener, from which the defendant Castella Webb appeals. Reversed.

Rainey, Flynn, Green & Anderson, W. A. Chase, and Calvin Jones, for plaintiffs in error.

Ellis A. Robinson and Quincy J. Jones, for defendants in error Charles L. Warren and Nuna Warren.

MASON, V. C. J. The defendants in error Charles L. Warren and Nuna Warren were plaintiffs, and the plaintiffs in error were defendants, and the defendant in error W. A. King was intervener in the trial court, and, for convenience, the parties will be referred to herein as they there appeared.

The defendant Castella Webb was the owner of a three-story brick building in the city of Tulsa, which the plaintiffs Charles L. Warren and Nuna Warren rented for the purpose of conducting a cafe on the first floor and a rooming house or hotel on the second and third floors. The rental contract was entered into with Stalie Webb, the father of Castella Webb, and covered a period of several years at a fixed rental of $325 per month. The plaintiffs contended that Stalie Webb was acting as the agent of his daughter in said transaction, while the defendants contended that previous thereto he had rented said building from his daughter and that he was merely subrenting it to the plaintiffs. The plaintiffs had purchased a large amount of hotel furniture and fixtures from the Genet Furniture Company of Tulsa on the installment plan and subsequently the conditional sales contract of the furniture company was assigned to the intervener, W. A. King. The plaintiffs used said furniture and fixtures in the operation of their hotel for about one year. At this time, the plaintiffs, being several hundred dollars behind with the rent, met with Stalie and Jeanette Webb and the original rental contract was terminated, and a new contract was entered into whereby the plaintiffs rented the first floor, in which they were conducting a cafe, and two rooms on the second floor, which they used as living quarters, for which they agreed to pay $116 per month. The plaintiffs left said furniture in the building and thereafter it was used by Stalie Webb and Jeanette Webb in the operation of a hotel or rooming house. The plaintiffs contend that the defendants agreed to pay them $175 per month for the use of said furniture, while the defendants Stalie Webb and Jeanette Webb contend that the plaintiffs had no place to store said furniture and that they were storing the same for them. They further contend that they were holding said furniture as a pledge for the back rent which the plaintiffs owed, but that in no event were they to pay any rental for the use of said furniture.

Thereafter, the plaintiffs, contending that all the back indebtedness had been paid, made demand on Stalie and Jeanette Webb for the possession of said furniture, which was refused. The plaintiffs then commenced this action for the possession of said property and for the reasonable value of its use after possession had been denied them.

The defendants Stalie Webb and Jeanette Webb filed answer consisting of a general denial and an allegation that they were holding said property as a pledge and that said indebtedness had not been paid. The defendant Castella Webb filed answer alleging that she has rented said building to her co-defendants, but denied that she claimed any interest in said furniture and fixtures or that the same was then, or ever had been, in her possession. W. A. King then filed his plea of intervention, alleging that the terms of said conditional sales contract had been breached, and praying for possession of said property and for damages for its wrongful detention.

Upon trial to a jury of the issues thus formed, a verdict was rendered for the plaintiffs and against all the defendants in the sum of $3,099.50, nd in favor of the intervener and against all the defendants for possession of said property, or its value, in the sum of $3,000, and for the additional sum of $1,350 as the reasonable rental value thereof.

The court required the successful parties to file remittiturs, and rendered judgment against all the defendants in favor of the plaintiffs in the sum of $2,926 and in favor of the intervener for possession of said property, or in lieu of its possession, its reasonable value in the sum of $1,200, and further rendered judgment for the intervener in the sum of $1,350. The defendants Stalie Webb and Jeanette Webb filed their motion for a new trial, and Castella Webb filed her separate motion for new trial, both of which were denied. All the defendants gave notice of appeal and the cause is docketed in this court in the name of all the defendants, and briefs on their behalf have been filed, but it appears that no petition in error has been filed, except on behalf of Castella Webb. Plaintiffs have also filed briefs, but none have been filed on behalf of the intervener. Under these circumstances, we cannot consider the contentions made in their brief by Stalie and Jeanette Webb.

For reversal, the plaintiff in error Castella Webb urges that the verdict of the jury and the judgment of the court, in so far as it applies to her, is based upon conjecture, speculation, and guess-work. Her counsel first presented this question to the trial court by a demurrer to the evidence and later by objection to certain instructions given by the court.

The evidence discloses that Castella Webb, the daughter of the other defendants, became of age some time prior to the date of the first contract involved herein and was attending school in the state of Kansas when both the original and the supplemental contracts were entered into. She testified that before leaving for school she rented said building to her father, Stalie Webb, for a period of four years. There is no evidence that she ever had the custody or control of said furniture and fixtures or that she ever authorized the other defendants to enter into a contract for the rental of said furniture from the plaintiffs.

Some contention is made by the plaintiffs that she ratified said contract by accepting rental thereunder, but this could not have been subsequent to the execution of the second contract, inasmuch as the record discloses that the Warrens never paid any rent after the second arrangement was made. Neither is there any evidence that the plaintiffs advised her or that she had any knowledge that she was expected to pay any rent on said furniture. The fact that she accepted rental under the original contract probably would constitute a ratification by her of said contract entered into between the plaintiffs and her father, although he may have been acting without her authority, but after said contract had been terminated, the acceptance of rental by her for the cafe and living quarters of the plaintiffs could not, by any stretch of imagination, be held to be a ratification of a contract whereby her parents may have rented said furniture from the plaintiffs.

In Reed Grocery Co. v. Miller, 36 Okla. 134, 128 Pac. 271, this court announced the following rule:

"Inferences of fact are to be deduced by the jury whenever there is evidence from which an existence of facts sufficient to support a verdict may be inferred. But a verdict which is altogether unsupported by evidence, or against the uncontradicted evidence and every legitimate inference deducible therefrom, will not be upheld."

In Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 Pac. 35, this court said:

"A verdict based upon conjecture and not upon evidence, should be set aside."

See, also, Ingram v. Dunning, 60 Okla. 233, 159 Pac. 927; State v. Lonewolf, 63 Okla. 166, 163 Pac. 532.

After a full and careful consideration of the evidence as a whole, we are compelled to say that there is no evidence that the plaintiff in error Castella Webb was a party to the contract for the rental of said furniture, or that she ever authorized or rati-

fied the same. Neither is there any evidence that she ever claimed any interest in said furniture or that the same was ever in her possession.

Inasmuch as the defendants Stalie Webb and Jeanette Webb have not perfected an appeal from the judgment of the district court and the plaintiff in error Castella Webb makes no claim to the ownership or possession of said furniture and fixtures, the judgment in favor of the defendant in error W. A. King as to the ownership and possession thereof is affirmed.

There being no evidence which reasonably supports the verdict of the jury and the judgment of the trial court for damages against the plaintiff in error Castella Webb, this portion of the judgment is reversed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 853, §2834; p. 857, §2835.