**BAILEY et al. v. TEXAS PACIFIC COAL & OIL COMPANY.**

No. 21953.  April 24, 1934.

Rehearing Denied May 15, 1394.

R. E. Bowling, for plaintiffs in error.

Blanton, Osborn & Curtis and John Hancock, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Garvin county against the plaintiffs in error, the plaintiffs in the trial court, and in favor of the defendant in error, the defendant in the trial court. The parties will be referred to as they appeared in the trial court.

The record shows that on February 27, 1925, W. J. Bailey executed and delivered to the defendant an oil and gas lease on certain land which constituted a part of his homestead. The lease was not signed by the wife, the plaintiff, Sarah Bailey. It was developed and a small oil well brought in which was operated until the lease was canceled by order of court in a proper action after a finding that it was void for want of the signature of the wife. Some months thereafter the defendant removed its tools and equipment from the premises.

The plaintiffs brought this action to recover the value of the oil taken from the premises and the value of the equipment removed therefrom. They alleged bad faith on the part of the defendant in entering upon the premises, in taking oil therefrom, and in destroying the producing well. The

defendant answered denying the allegations of the petition and alleging good faith on its part in the development of the property and in the removal of the equipment. It alleged that, with the consent and acquiescence of the plaintiffs, it expended the sum of $25,205.23 in developing the lease; that there was produced from the well 10,205.43 barrels of oil, of which the plaintiffs received the proceeds of a one-eighth interest; that the defendant's interest in the proceeds of the seven-eighths part of the oil produced was the sum of $9,095.70; that the equipment salvaged by the defendant from the premises was of the reasonable value of $4,372.85, and that there was a loss of $11,736.68 in the enterprise. It claimed that amount as an offset to the claims of the plaintiffs. It pleaded estoppel and the statute of limitations. The plaintiffs filed a reply denying all of the allegations of the answer.

At the close of the testimony the court found that there was no question of fact in issue, discharged the jury from further consideration of the cause, and rendered judgment in favor of the defendant.

The motion for a new trial was formal and presented to the trial court for review no alleged error occurring during the trial, except in the fourth and seventh assignments of error in which it was alleged:

"That the verdict or decision is not sustained by sufficient evidence, and is contrary to law"

—and:

"Error of the court in taking the case from the jury and discharging the jury and thereafter taking the case under advisement and deciding it himself."

The plaintiffs attempt to present the six assignments of error set up in their petition in error, under two propositions: (a) The court erred in discharging the jury; (b) the court erred in not rendering judgment for the plaintiffs for the value of the property taken by defendant.

The plaintiffs contend that the evidence did not show that the defendant entered upon the premises and drilled the well in good faith.

It is clearly shown by the evidence that each of the plaintiffs knew of the execution of the lease and the entry by the defendant thereunder; that the well drilled was about 450 steps from the house where the plaintiffs lived; that the plaintiffs had full knowledge of the drilling of the well; that gas from the well was used by them under the term of the lease to heat their house; that no protest or objection to the drilling of the well was made to any of the officials of the defendant, and that they received the proceeds of the sale of one-eighth of the production from the well.

If going upon the property of the plaintiffs in their presence and with their acquiescence, the spending of more than $25,000 in the development of the lease, the paying to the plaintiffs of their share of the proceeds from production from the well, and the furnishing of gas to the plaintiffs, show bad faith on the part of the defendant, bad faith was shown. We hold to the contrary.

In support of their contention the plaintiffs cite the decision in Sapulpa Petroleum Co. v. McCray, 136 Okla. 269, 277 P. 589. Therein this court held:

"One having initial possession of oil and gas leases admittedly in good faith under a contract providing that the same shall be conveyed to him, and he develops the leases in an efficient and economical manner, notwithstanding that title eventually fails and such occupant is dispossessed by final judgment, yet he is entitled in accounting to offset the cost of development as against the gross profit arising from production during his occupancy and possession when he acts in good faith."

That decision supports the judgment of the trial court. See, also, Barnes v. Winona Oil Co., 83 Okla. 253, 200 P. 985, wherein this court held:

"Where a person in good faith enters into peaceable possession of land upon which he owns an oil and gas lease and produces oil and gas therefrom, and thereafter said lease is declared void or invalid, the measure of damages to the landlord in an action for an accounting for the oil and gas produced from said premises by the lessee is the value of the oil at the surface or in pipe line or tanks wherever the same may be, less the reasonable cost of producing the same."

The plaintiffs having failed to produce proof to sustain the allegations of their petition, the trial court was justified in taking the case from the jury. Webb v. Warren, 129 Okla. 151, 264 P. 180.

The finding of the trial court is general, and such finding is a finding of each specific thing necessary to sustain the general finding. Watashe v. Tiger, 88 Okla. 77, 211 P. 415. We do not think it necessary or expedient to set out herein other reasons why the judgment of the trial court was correct.

The judgment of the trial court is not against the clear weight of the evidence, and it is affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and BUSBY, JJ., concur.