## MOORE v. MILNER et al.

No. 29162.    March 26, 1940.

Rehearing Denied April 9, 1940.

*100 P. 2d 990.*

L. M. Gensman and Russell G. Jones, both of Lawton, for plaintiff in error.

Geo. T. Arnett, State Committeeman in Soil Conservation, of Idabel, John Brett, Asst. U. S. Dist. Atty., of Oklahoma City, and John F. Thomas, of Lawton, for defendants in error.

WELCH, V. C. J. The plaintiff sought personal judgment, claiming actual damages for money expended by him in an effort to procure his crop adjustment payment, which he claimed he was entitled to receive by virtue of a contract with the United States Government under the Agricultural Adjustment Act. He also claims punitive damages, alleging that malice was used by the defendants in refusing to deliver him his check.

The trial court, after hearing the evidence, instructed the jury to find for the defendants, which they did, and it is from this order of the trial court, and resulting judgment for defendants, that the plaintiff in error prosecutes this appeal.

The record reveals that the plaintiff in error, Jesse R. Moore, voluntarily entered into a contract with the Secretary of Agriculture for the year 1935, by the terms and conditions of which said contract and the rules and regulations made by the Secretary of Agriculture the said Moore was to plant and harvest 190 acres of wheat on the land in said contract described, and that 22 acres of the land in said contract described was designated as lay-out land and could not be planted in oats unless the same was cut for hay not later than May 20, 1935; that said Moore planted and seeded 13 of the 22 acres of lay-out land in oats; that about May 20, 1935, he obtained from defendants, as county allotment committee, an extension of time after May 20, 1935, in which to harvest, due to recent rains and wet weather; that plaintiff in error delayed cutting oats until they had matured. According to the contract, as the defendants understood it, and as it was construed by their superiors, the oats could not be threshed or put into such condition as they might be sold off of the farm.

On January 6, 1936, the Agriculture Adjustment Act, passed in 1933, was held unconstitutional by the United States Supreme Court. Immediately after said date, Jesse R. Moore, plaintiff, threshed all of the oats.

When the county allotment committee received this information they requested advice from higher officials, who advised them that the plaintiff, Moore, had violated the terms of his said wheat contract by threshing said oats; they then obtained the advice of a still higher official, who advised also that the contract had been violated if the oats had been threshed. They then deemed it their duty to withhold the check or voucher from Moore, and to return it to Washington, and to advise Moore that for his noncompliance with the contract, he was not entitled to the payment, which they did. Thereafter, following some further enactment by Congress, and some relaxing of former rules, the proper officials in Washington reversed their ruling as to Moore and sent him his check, and thereby made payment to him of the sum he claimed.

The plaintiff, in this action for damages, does not seem to rely on the theory that he complied with the contract, but rather on the theory that others had breached the contract and yet had been paid.

The record reveals that the county agent and county allotment committee, defendants named herein, have not shown any malice, oppression, or fraud, but in all instances have, as agents of the United States Government, endeavored to follow the rules and regulations and perform their duties thereunder, as handed down to them by their superiors, and as the law required.

The committee and county agent, as agents of the United States Government,

in our opinion, were vested with authority to withhold the check of plaintiff, so long as they had any reason to believe he had failed to comply with the terms of his contract with the government. They not only had authority, but it was their duty to do this as agents of the government. The defendants were acting as agents of the government and are therefore not liable personally for any acts on their part so long as they were performing within the scope of their agency. See Lamar v. Albert G. Browne, 23 L. Ed. 650, 92 U. S. 187, 187 S. Ct. 202.

The plaintiff in error contends that it is the well-settled rule of this court that the trial court should not direct a verdict where it is necessary to weigh the evidence to determine where the preponderance lies and where the evidence is conflicting; and when the court is asked to direct a verdict, the evidence favorable to the moving party must be eliminated from consideration and wholly disregarded, leaving for consideration only that evidence favorable to the party against whom the motion is leveled. Authorities in support of said rule are cited.

We agree with the plaintiff that this rule has been followed by the court, but the record of the evidence in this case wholly fails to show any malice, oppression, or fraud on the part of these defendants, and these elements are necessary to be present in order for the plaintiff to recover. Where there is no competent evidence which would reasonably tend to support a verdict for plaintiff, a directed verdict for defendants by the trial court will not be disturbed by this court. See Moses v. Harris et al., 111 Okla. 54, 237 P. 591.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, CORN, and DAVISON, JJ., concur.